[S. F. No. 1868.   Department One. — September 21, 1901.]

## CARL DIEHL, Respondent, v. JOHN D. ROBERTS, Appellant.

NEGLIGENCE — LAW OF THE ROAD — COLLISION OF HACK WITH BICYCLE — LIABILITY OF EMPLOYER. — It is the duty of the driver of a hack, which has been traveling upon a street-car line, upon meeting a street-car, to turn to the right, if possible, so as to avoid collision with other travelers, going in the opposite direction; and where he negligently turned to the left, and collided with a bicycle-rider, who was riding on the proper side of the street, the employer of the hack-driver is liable for the resulting injury to the bicycle-rider.

ID. — EMPLOYMENT OF HACK-DRIVER — SUFFICIENCY OF EVIDENCE. — Evidence showing that the hack was owned by the defendant, that he received the profits earned by it, and that the driver lived at his house, and worked for him in other capacities, taken in connection with evidence of admissions made by the defendant, is sufficient to show the employment of the hack-driver by the defendant.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial.   A. S. Kittredge, Judge.

The facts are stated in the opinion of the court.

William A. Bowden, and Edward E. Cothran, for Appellant.

D. W. Burchard, for Respondent.

GAROUTTE, J.— Plaintiff has recovered judgment in an action for damages for personal injuries, and defendant appeals.   The facts are these: "Plaintiff was riding, at night, upon a bicycle, westwardly, upon the right-hand side of the main road.   A street-car in the center of the road was traveling in the same direction.   Plaintiff was six feet to the right of the car, and about twenty or thirty feet to the rear thereof. A hack was being driven in the opposite direction, upon the car-track.   Before meeting the car, the driver turned aside to the left, and immediately a collision with the bicycle-rider occurred.   Upon this state of facts the jury was justified in holding the defendant guilty of negligence.   He attempts to absolve himself from the charge of negligence by invoking the provisions of section 2931 of the Political Code, which read: "When vehicles meet, the drivers of each must turn seasonably

to the right of the center of the highway, so as to pass without interference, under a penalty of twenty-five dollars for every neglect, to be recovered by the party injured. . . . But this section does not apply to vehicles meeting cars running on rails or grooved tracks." If the facts of this case showed a collision between the hack and the street-car, then defendant might find relief in the provisions of this section, but that is not the present case. Here we have the plaintiff traveling upon the road, exactly where he was entitled to travel, and as to him, the driver of the hack should have been upon the other side of the road. The trial court finds as a fact that the driver could have turned to the right upon meeting the car. If he could have done so, he certainly should have done so, as far as the rights of travelers upon the road, other than those riding upon street-cars, were concerned.

It is next insisted that the driver of the hack was not in the employ of defendant at the time the injury occurred. The evidence upon this point is somewhat circumstantial. At the same time, it shows that the hack was owned by defendant; that he received the profits earned by it; that this driver lived at his house, and at the time was working for him in other capacities. Taking these things into consideration, in connection with admissions of defendant testified to by witnesses, the court cannot say the evidence is too weak in this particular to support the verdict.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., and Harrison, J., concurred.