[S. F. No. 3170.   Department Two.—February 5, 1903.]

HELEN WIKBERG, by her Guardian ad Litem, JOHANNA ANDERSON, Respondent, v. OLSON COMPANY, Appellant.

NEGLIGENCE—RECKLESS DRIVING—INJURY OF SCHOOL-CHILD—QUESTIONS OF FACT FOR JURY—APPEAL.—Where the defendant's driver drove recklessly through and among a large number of school-children, to the injury of one of them, who does not appear to have apprehended her danger, the questions of the negligence of the defendant and the contributory negligence of the plaintiff were questions of fact for the jury. Their verdict for the plaintiff appears to have been a correct conclusion from the evidence, and it will not be disturbed upon appeal.

ID.—NEGLIGENCE RELATIVE TO CIRCUMSTANCES.—Negligence cannot be defined and measured by any precise standard. It is always relative to particular facts and circumstances upon which it is sought to be predicated; and as a general rule it is a question for the jury to determine from the facts and the logical inferences therefrom. It is only where the facts are without dispute, or the deduction inevitably that of no negligence, that the court can say, as matter of law, that no negligence was proved.

APPEAL from a judgment of the Superior Court of Alameda County.  John Ellsworth, Judge.

The facts are stated in the opinion.

Chapman & Clift, for Appellant.

W. E. Rode, and W. B. Rinehart, for Respondent.

COOPER, C.—This action was brought to recover damages for personal injuries. A verdict was returned in plaintiff's favor for five hundred dollars, upon which judgment was entered. This appeal is from the judgment on the judgment-roll and a bill of exceptions.

The sole point urged is, that the evidence fails to show that defendant was guilty of negligence, and that it further shows that plaintiff was guilty of contributory negligence to such a degree as to exonerate defendant.

We have carefully examined the evidence, and we are of opinion that it is sufficient to support the verdict. The plain-

tiff, at the time of the injury, was of the tender age of six years. She was attending the public schools. The injury occurred near the intersection of Campbell Street and Ninth Street, in the city of Oakland. The school-children had just been dismissed for the noon recess. There were from one hundred and fifty to two hundred children, running across the street and on the sidewalks, in the immediate vicinity of the place where the injury occurred. One Hager was driving a horse and delivery wagon belonging to defendant, and was engaged at the time in delivering groceries for defendant. It was while driving down Ninth Street and through and among the school-children that the injury occurred, and the wagon ran over and injured plaintiff. The testimony shows that the driver was going fast, the horse trotting rapidly. The witness Francis testified that the driver was going "at a breakneck speed." The witness Stolte testified that "he was going like a race-horse." The witness Bowman testified that "he always drove fast. I thought him a reckless driver." There is no evidence that the driver slackened his speed while going through the vicinity of the school-children. The driver testified that he was going at a trot, not over five to seven miles an hour; that he did not see the plaintiff until he ran into her; that some boys were attempting to climb into the wagon from behind, and he turned around to strike at them with his whip; that when he looked ahead again he saw plaintiff, injured, lying on the ground.

It thus plainly appears that while driving along a public thoroughfare at a rapid rate, in a street crowded with school-children, and while looking back, without attempting to stop the horse, the driver ran over plaintiff and injured her. We find no evidence of contributory negligence on the part of plaintiff such as would preclude a recovery in this action. It does not appear that she saw the horse and wagon, or, if she did, that she apprehended the danger. She was on the public thoroughfare, where she had a right to be. Being of tender years, it is not to be supposed that she would use the caution exercised by older persons. He who is so unmindful of the peace and security of others as to drive at a trot or rapid pace through a public street crowded with school-children should be held responsible for all damage caused to another without fault on his part. It was the defendant's

duty to drive slowly, cautiously, and carefully, in the place and under the circumstances, at the time this injury occurred. The jury were the judges of all the facts tending to show negligence, or from which negligence might be inferred. Negligence cannot be defined and measured by any precise standard. It is always relative to particular facts and circumstances upon which it is sought to be predicated. As a general rule, it is a question for the jury to determine from the facts and the logical inferences therefrom. It is only in cases where the facts are without dispute, or the deduction inevitably that of no negligence, that the court can say, as matter of law, that no negligence was proven. The case must be a clear one, which would justify the court in holding the evidence insufficient to sustain the verdict. In this case we cannot interfere, and, more than this, the verdict appears to have been the correct conclusion from the evidence.

The judgment should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in foregoing opinion the judgment is affirmed.          McFarland, J., Lorigan, J., Henshaw, J.