[Civ. No. 373.    Third Appellate District.—October 19, 1907.]

FRED WISTROM, Respondent, v. REDLICK BROS., Inc., Appellant.

NEGLIGENCE—COLLISION OF WAGON WITH BICYCLE RIDER.—Where a bicycle rider was properly riding on a well-defined bicycle path on the extreme right of a public street near the sidewalk, the driver of a delivery wagon going in the opposite direction, or who swung to the left across the path of the bicycle rider, is charged by law with the duty of careful observation of the situation, so as to avoid a collision, and inattention of the driver leading to a collision with, and injury to, the bicycle rider is not to be excused, and his employers are liable for the resulting injury.

ID.—INSTRUCTION—CODE PROVISION—PASSAGE TO RIGHT.—It was proper to instruct the jury in the language of part of section 2931 of the Political Code ''that where vehicles meet the driver of each must turn seasonably to the right of the center of the highway so as to pass without interference.''

ID.—CONTINGENCY—PASSAGE TO LEFT FOR SPECIAL PURPOSE—DUTY OF CARE.—The jury could not misapply the general rule to the contingency which was covered by another instruction that ''a person may lawfully pass on the left side of a highway or across it for the purpose of turning to the house or store, but it is his duty in passing from one side of the road to the other to use reasonable care to avoid injuries to other travelers upon the highway.''

ID.—PERTINENCY OF INSTRUCTIONS.—An instruction may properly be given in harmony with the facts testified to by the plaintiff, where it is hypothetical and pertinent, and that a different theory may also find support in the evidence is not a valid ground of objection to such instruction. The same rule applies to an instruction based upon the evidence and inferences favorable to the defendant.

ID.—BURDEN OF PROOF—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.—The court properly instructed the jury that ''in an action for injuries alleged to have been caused by the negligence of the defendant, it is sufficient for the plaintiff to show, in the first instance, that the injury resulted from the negligence of the defendant, and need not show a want of contributory negligence in himself. Contributory negligence is an affirmative defense to be established by the defendant, and such contributory negligence must be shown by a preponderance of the evidence to have been the proximate cause of the plaintiff's injury.''

ID.—CONTINGENCY AS TO PLAINTIFF'S EVIDENCE.—The contingency that contributory negligence might appear from the plaintiff's evidence is sufficiently covered by an instruction at defendant's request ''that if you believe from the evidence that the accident and injuries complained of by the plaintiff herein were caused by the contributory negligence and want of care of the plaintiff, then the plaintiff cannot recover, and your verdict must be for the defendant.''

ID.—REQUESTS PROPERLY REFUSED.—Requests substantially covered by the charge, or clearly implied in the instruction given, or ignoring a vital element in the case, were properly refused.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

W. D. Crichton, F. H. Short, and F. E. Cook, for Appellant.

Bernhardt & Sutherland, for Respondent.

BURNETT, J.—The following statement of the facts, following closely that made by appellant, is substantially correct, and is sufficient for the purposes of this appeal:

On the twenty-third day of May, 1903, plaintiff was riding on his bicycle along the westerly side of K street in the city of Fresno, traveling in a southerly direction. At the same time a delivery wagon was being driven along the same street in a northerly direction, the wagon and team belonging to the appellant and being driven by one of its employees. The plaintiff was riding with ordinary speed. Appellant's employee thought he was near the place where he was to deliver some merchandise and turned to the left, but when he had reached practically the edge of the sidewalk he observed that he was in the wrong block and turned from the left toward the right side of the street. The plaintiff observed him turning to the left, and in order to avoid an accident he also turned to the left at about the same moment that the horse was turned toward the center of the street, on the right of the driver. A collision occurred and plaintiff was quite seriously hurt.

1. The evidence is sufficient to support the verdict of the jury. Appellant says: "It appears to be assumed by respondent that it constituted negligence on the part of defendant's employee to turn in by mistake to the place where he did not desire to go and thence to turn back toward the center of the street." That assumption would not be very creditable to the intelligence of anyone urging it. However, we do not understand respondent to take any such position. His contention is that the driver in turning his horse as stated failed to exercise ordinary care and prudence. His negligence consisted principally in not looking to see if anyone were approaching. The driver himself declares: "I wheeled over as soon as I saw it was wrong; I didn't see this man [plaintiff] at all."

It is so manifest as not to require argument nor authority that it was the duty of the driver to proceed slowly and carefully and to be on the alert lest he come into collision with others. The plaintiff was where he had a right to be; he was on a well-defined bicycle path on the extreme right of the highway or public street near the sidewalk. The driver had swung across this path and the law charged him with the

duty of careful observation of the situation in view of the probability that travelers would be coming in an opposite direction. Under such circumstances, inattention and apparent indifference to the approach of others and to the danger of collision are not to be excused, according to the law of negligence as generally expounded and accepted. (*Wikberg* v. *Olsen Co.*, 138 Cal. 480, [71 Pac. 511]; *Palmer* v. *Barker*, 11 Me. 338; *Fales* v. *Dearborn*, 1 Pick. (Mass.) 345; *Robinson* v. *Western Pacific R. R. Co.*, 48 Cal. 421.) It was not a wanton injury, but the driver was thoughtless, and he did not exercise ordinary care, the care that ordinarily prudent persons would exercise under similar conditions, and therefore his employer is held responsible for the damage done in consequence of his want of care.

2. Appellant complains of this instruction given by the court: ''A statute of the state provides that where vehicles meet the drivers of each must turn seasonably to the right of the center of the highway so as to pass without interference.'' The instruction constitutes a part of section 2931 of the Political Code. It is contended that it has no application to the facts of this case, but that its purpose is to present a rule ''whereby vehicles meeting upon a street or highway could pass each other in uniform manner.'' But the ''uniform manner'' is designed to prevent interference and to avoid such accidents as occurred in the case at bar. Since it is a general regulation and sound in principle, it seems proper that it should be given in a case like this where two vehicles meet and they are not turned ''so as to pass without interference.'' It was probably more favorable to defendant than to plaintiff, for the reason that the evidence shows that immediately before the accident the former had turned to the right and the latter to the left. That the rule is applicable to bicycles as well as to other vehicles is held in *Diehl* v. *Roberts*, 134 Cal. 164, [66 Pac. 202]. There was no danger of the jury misapplying the rule to the condition of delivery of goods upon the right or left side of the street, as seems to be apprehended by appellant, because the court covered that contingency by another instruction that ''a person may lawfully pass on the left side of the highway or across it for the purpose of turning up to a house or store, but it is his duty in passing from one side of the road to the other

to use reasonable care to avoid injuring other travelers upon the highway.''

3. The seventh and eighth instructions are somewhat mildly assailed by appellant. The only objection to the former is that it ignores the facts. No fault is found with it as an abstract proposition. It is clear that the objection is not tenable, as the instruction is in harmony with the facts as testified to by plaintiff. That a different theory may also find support in the evidence is no valid ground of objection as the instruction is hypothetical and pertinent.

As to the eighth instruction appellant makes the suggestion that it is misleading. But his argument is based upon the evidence and inferences most favorable to defendant's theory of the case. It is really the same objection as that made to the preceding instruction and is equally untenable.

The brunt of appellant's attack, however, is directed against instruction number 10, which is as follows: ''In an action for injuries alleged to have been caused through the negligence of the defendant it is sufficient for the plaintiff to show, in the first instance, that the injury resulted from the negligence of the defendant, and need not show a want of contributory negligence in himself. Contributory negligence is an affirmative defense to be established by the defendant; and such contributory negligence must be shown by the defendant, by a preponderance of the evidence, to have been the proximate cause of the plaintiff's injury.''

The general doctrine of the instruction has been indorsed more than once by the supreme court. In *Smith* v. *Occidental etc. Steamship Co.*, 99 Cal. 468, [34 Pac. 85], the court said through Mr. Justice Harrison: ''In this state, in accordance with the weight of authority as well as with the principles upon which the rule rests, it is established that it is sufficient for a plaintiff to show, in the first instance, that the *injuries resulted from the negligence of the defendants.*'' (Citing *Nehrbas* v. *Central Pacific R. R. Co.*, 62 Cal. 320; *MacDougall* v. *Central R. R. Co.*, 63 Cal. 431; *Magee* v. *North Pacific C. R. R. Co.*, 78 Cal. 430, [12 Am. St. Rep. 69, 21 Am St. Rep. 114].) And in *Schneider* v. *Market St. Ry. Co.*, 134 Cal. 487, [66 Pac. 734], the correlative burden of the defendant is presented, through Commissioner Smith, as follows: ''It remains to consider the question of alleged contributory negligence on the part of the plaintiff's decedent. In consider-

ing this, it is important to bear in mind that such negligence is a matter of defense *to be proved affirmatively by the defendant,* and hence that the burden of proof is on him.''

The two principles, then, are clearly established, first, that plaintiff has the burden of proving defendant's negligence, and defendant of proving plaintiff's contributory negligence. But the point of appellant's objection is that under the instruction, ''unless it appeared by *defendant's own testimony that the plaintiff* was guilty of contributory negligence, that the defense cannot be sustained upon that ground, wholly disregarding the question as to whether or not the testimony of the plaintiff showed contributory negligence.'' We feel satisfied that appellant's criticism is entirely unwarranted. The instruction must be considered in its entirety, keeping in view the obvious purpose for which it was given. The court was manifestly undertaking to instruct the jury as to what burden of proof must be borne by the plaintiff and what by the defendant. All that the instruction means when fairly interpreted is that plaintiff is required to prove the negligence of defendant, but he is not required to go further and prove the want of negligence on his own part, but that contributory negligence is an affirmative defense and must be shown by the defendant. It does not limit the proof by defendant to anyone's testimony. In fact, the expression used negatives any such interpretation as that suggested by appellant because it is to ''be shown by a preponderance of the evidence,'' which clearly implies a consideration of all the evidence.

Again, it certainly requires a microscopic eye to distinguish any substantial difference between *''established* by the defendant'' and *''shown* by the defendant.'' It is clearly held by the authorities, as we have seen, that contributory negligence must be established by the defendant. And while ''established'' may suit the philological taste of appellant better than ''shown,'' we feel assured that to the ordinary comprehension the latter imposes no greater burden than the former. Again, if the burden is upon defendant to show or establish contributory negligence, how is it to be done except by ''a preponderance of the evidence''? To justify appellant's interpretation we must read into the instruction the phrase, ''by his own testimony,'' or ''by evidence offered by him,'' or some equivalent expression.

But if standing alone the instruction were liable to be so misunderstood, as feared by appellant, the danger is obviated when we consider, as we must, the whole charge of the court. If in the respect suggested there be anything lacking we find it supplied in the following instruction given at defendant's request: "You are hereby instructed that if you believe *from the evidence* that the accident and injuries complained of by the plaintiff herein were caused by the contributory negligence and want of care of the plaintiff, then the plaintiff cannot recover and your verdict will be in favor of the defendant." If any juror with these instructions before him did not understand that he was to consider all the evidence in determining whether there was any contributory negligence, he certainly would not be susceptible of misdirection by reason of the nice refinement suggested by appellant.

4. The only other point that we deem worthy of notice is that the court erred in refusing to give certain instructions requested by defendant. But, as far as correct in principle, they were substantially covered by those given. It is true the jury was not instructed specifically "that the servant and employee of the defendant was entitled to use, at the time of the accident, any portion of K street necessary for him in the pursuit of his employment and in the delivery of packages and parcels for the defendant, his employer." It is, however, clearly implied in the instructions given. Besides, it is hard to conceive of any jury that would need such an instruction.

The second instruction was properly refused because it excuses the defendant if the driver had no knowledge of the approach of plaintiff. As we have seen, his ignorance would afford no shield if it were the result of the want of ordinary care. The instruction ignores a vital element in the case.

We have examined all the assignments of error. None of them, in our opinion, has any substantial merit.

The judgment and order denying the motion for a new trial are affirmed.

Hart, J., and Chipman, P. J., concurred.