(February 13, 1924.)

ADA SHORT, Widow of OLIVER F. SHORT, Jr., Deceased, and MARY SHORT, Minor Child of Said Deceased, by W. C. DUNBAR, Her Guardian ad Litem, Respondents, v. BOISE VALLEY TRACTION COMPANY, a Corporation, HERBERT L. MARKS and GUY SPRAGUE, Appellants.

[225 Pac. 398.]

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—LAST CLEAR CHANCE—QUESTIONS FOR JURY—EXCESSIVE DAMAGES.

1. In case of the death of a person by the negligence of another the fact that deceased was guilty of contributory negligence will not bar a recovery by his heirs if the party inflicting the injury saw the deceased when his position became one of actual peril, and yet in time, by the exercise of reasonable care, to avoid inflicting the injury.

2. Whether the party inflicting the injury did so see deceased in time to avoid inflicting the injury, and, if it did so see him, used reasonable care to avoid injuring him, are questions to be submitted to the jury in case of conflicting evidence.

3. Before a verdict can be set aside on the ground of "excessive damages, appearing to have been given under the influence of passion or prejudice," such fact must be made clearly to appear to the trial judge.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Chas. P. McCarthy, Judge.

Action for damages. Judgment for plaintiffs. *Affirmed.*

Hawley & Hawley and C. T. Ward, for Appellants.

The last chance doctrine can only apply where there is a last clear chance to save with the means at hand, and does

Publisher's Note.

1. Doctrine of last clear chance as affected by question whether negligence of plaintiff or deceased and of defendant was concurrent, see notes in Ann. Cas. 1912B, 888; 7 L. R. A., N. S., 132, 152; 17 L. R. A., N. S., 707; 19 L. R. A., N. S., 446; 27 L. R. A., N. S., 37; L. R. A. 1918D, 1119.

not apply either where the decedent was guilty of negligence concurring in the accident or where after the decedent was beyond helping himself the appellant had not the ability to save him. (*Pilmer v. Boise Valley Traction Co.*, 14. Ida. 327, 94 Pac. 432, 15 L. R. A., N. S., 254; *Anderson v. Great Northern Ry. Co.*, 15 Ida. 513, 99 Pac. 91; *Rippetoe v. Feeley*, 20 Ida. 619, 119 Pac. 465; *Denbeigh v. O. W. R. & N. Co.*, 23 Ida. 663, 132 Pac. 112; *Dyerson v. Union Pac. Co.*, 74 Kan. 528, 11 Ann. Cas. 207, 87 Pac. 680, 7 L. R. A., N. S., 132; *Southern Ry. Co. v. Bayley*, 110 Va. 833, 78 S. E. 365, 27 L. R. A., N. S., 379; *Old v. Hines*, 95 Or. 580, 187 Pac. 586, 188 Pác. 716; *Woolf v. Washington R. N. Co.*, 37 Wash. 491, 79 Pac. 997; *Young v. Southern Pac. Co.*, 189 Cal. 746, 210 Pac. 259; *Thompson v. Los Angeles etc. R. Co.*, 165 Cal. 748, 134 Pac. 709; *Bruggeman v. Illinois etc. R. Co.*, 147 Iowa, 187, Ann. Cas. 1912B, 877, 123 N. W. 1007; *Bourrett v. C. N. W. Ry. Co.* (Iowa), 121 N. W. 380; *Cavanah v. Boston & M. R. Co.*, 76 N. H. 68, 79 Atl. 694; *Terre Haute etc. Co. v. Stevenson*, 189, Ind. 100, 123 N. E. 785; *Lock v. Puget Sound etc. R. Co.*, 100 Wash. 432, 171 Pac. 242, L. R. A. 1918D, 1119; *Ziomko v. Puget Sound etc. R. Co.*, 112 Wash. 426, 192 Pac. 1009; *Emmons v. Southern Pac. Co.*, 97 Or. 263, 191 Pac. 333; *Rooney v. Levinson*, 95 Conn. 466, 111 Atl. 794.)

Concurring negligence will prevent a recovery. Here the decedent's negligence in failing to observe his surroundings and stop his auto concurred with any negligence of appellant in failing to whistle and these negligences concurred to put ᵗ decedent in a position where nothing could save him. (*Plinkrewisch v. Portland R. L. & P. Co.*, 58 Or. 499, 115 Pac. 151; *Holmes v. Southern Pac. R. Co.*, 97 Cal. 161, 31 Pac. 834; 29 Cyc. 530; *Wolfe v. Chicago G. W. Ry. Co.*, 166 Iowa, 506, 147 N. W. 901; *Melzner v. Northern Pac. Ry. Co.*, 46 Mont. 162, 127 Pac. 146; *Shanks v. Springfield Trac. Co.*, 101 Mo. App. 702, 74 S. W. 386; *Young v. Southern Pac. Co., supra.*)

The motorman has a right to assume that one approaching the track in an auto will not attempt a reckless crossing. (*Clark v. Southern Pac. Ry. Co.*, 24 Okl. 764, 108 Pac. 361;

*Union Pac. v. Cappier,* 66 Kan. 649, 71 Pac. 281, 69 L. R. A. 513; *Emmons v. Southern Pac. Ry. Co.,* 97 Or. 263, 191 Pac. 337; *Sanford v. Grand Trunk R. Co.,* 190 Mich. 390, 157 N. W. 38; *Green v. Los Angeles etc. R.,* 143 Cal. 31, 101 Am. St. 68, 76 Pac. 719.)

Contributory negligence of the decedent without which the accident would not have occurred will bar recovery in this case. (*Rippetoe v. Feely, supra; Wheeler v. Oregon R. R. etc. Co., supra; Rickert v. Union Pac. R. Co.,* 100 Neb. 304, 160 N. W. 86; *Glick v. Cumberland etc. Ry. Co.,* 124 Md. 308, 92 Atl. 778; *Virginia etc. Ry. Co. v. Skinner,* 119 Va. 843, 89 S. E. 887; *Phillips v. Washington Ry. Co.,* 104 Md. 455, 10 Ann. Cas. 334, 65 Atl. 422; *State v. United Ry. & E. Co.,* 97 Md. 73, 54 Atl. 612; *Nehring v. Connecticut Co.,* 86 Conn. 109, 84 Atl. 301, 45 L. R. A., N. S., 896.)

It was error for the court to fail to instruct the jury that in determining the amount to be awarded plaintiffs for loss of future support and of future society, protection, etc., the verdict should be such sum as, being put out to interest, will each year by taking a part of the principal and adding it to the interest yield an amount sufficient to cover the beneficiaries' loss for the entire period upon which the loss is based, less deductions arising from probable contingencies during that period. (*St. Louis etc. Ry. Co. v. Robbins,* 57 Ark. 377, 21 S. W. 886; *Watson v. Seaboard etc. Ry.,* 133 N. C. 188; 45 S. E. 555; *McAdory v. Louisville etc. R. Co.,* 94 Ala. 272, 10 So. 507; *Louisville etc. R. Co. v. Tramwell,* 93 Ala. 350, 9 So. 870; *Louisville etc. R. Co. v. Jones,* 130 Ala. 456, 30 So. 586; *Atlantic etc. R. Co. v. Newton,* 85 Ga. 883, 11 S. E. 776; note, L. R. A. 1917F, 373.)

A verdict is excessive where the interest on the amount awarded exceeds the annual earnings of the decedent. (*Graham v. Allen etc. Co.,* 78 Wash. 589, 139 Pac. 591; *St. Louis etc. R. Co. v. Robbins,* 57 Ark 377, 21 S. W. 886; *Maloney v. Winston Bros. Co.,* 18 Ida. 740, 111 Pac. 1080, 47 L. R. A., N. S., 634; *Little Rock etc. Ry. Co. v. Barker,* 33 Ark. 350, 34 Am. Rep. 44; *Delaski v. North Western Imp. Co.,* 70 Wash. 143, 126 Pac. 421.)

C. C. Cavanah, Frawley & Koelsch and L. W. Tennyson, for Respondents.

The court did not err in denying defendants' motion for nonsuit, as there was sufficient evidence to submit the case to the jury and deny defendants' motion for directed verdict. (*McKenna v. Grunbaum*, 33 Ida. 46, 190 Pac. 919; *Dellwo v. Peterson*, 32 Ida. 172, 180 Pac. 167; *Stewart v. Stewart*, 32 Ida. 180, 180 Pac. 155; *Riordan v. Equitable Life, etc.*, 31 Ida. 657, 175 Pac. 586; *Donovan v. Boise City*, 31 Ida. 324, 171 Pac. 670; *Johansen v. Looney*, 31 Ida. 754, 176 Pac. 778; *Tipsword v. Potter*, 31 Ida. 509, 6 A. L. R. 527, 174 Pac. 133; *Palcher v. Oregon S. L. Ry.*, 31 Ida. 93, 169 Pac. 298; *Goldensmith v. Snowstorm M. Co.*, 28 Ida. 403, 154 Pac. 968; *Southern Idaho Adventists v. Hartford Fire Ins. Co.*, 26 Ida. 712, 145 Pac. 502; *Smith v. Potlatch Co.*, 22 Ida. 782, 128 Pac. 546; *Keane v. Pittsburg Lead M. Co.*, 17 Ida. 179, 105 Pac. 60; *Stricker v. Hillis*, 17 Ida. 646, 106 Pac. 1128; *Pilmer v. Boise Traction Co.*, 14 Ida. 327, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A., N. S., 254; *Later v. Haywood*, 12 Ida. 78, 85 Pac. 494.)

The theory of this case is based upon the doctrine of "last clear chance" and the rule of "discovered peril." (*Pilmer v. Boise Traction Co., Ltd., supra; Denbeigh v. Oregon-Wash. R. & N. Co.*, 23 Ida. 663, 132 Pac. 112; *Anderson v. Great Northern Ry. Co.*, 15 Ida. 513, 99 Pac. 91; *Lassiter v. Raleigh etc. R. Co.*, 133 N. C. 244, 45 S. E. 570, 36 L. R. A., N. S., 957, 958, note; *Locke v. Puget Sound Internatl. R. N. P. Co.*, 100 Wash. 432, 171 Pac. 242, L. R. A. 1918D, 1119; *Mosso v. E. H. Stanton Co.*, 75 Wash. 220, 134 Pac. 941, L. R. A. 1916A, 943; *Bruggeman v. Illinois Central R. Co.*, 147 Iowa, 187, Ann. Cas. 1912B, 876, 123 N. W. 1007; *Norman v. Charlotte Electric R. Co.*, 107 N. C. 533, Ann. Cas. 1916E, 508, 83 S. E. 835; *Welsh v. Tri-City Ry. Co.*, 148 Iowa, 200, 126 N. W. 1118; *Mondt v. Iowa Ry. & Light Co.* (Iowa), 155 N. W. 245; *Cavanah v. Boston & M. R. R.*, 76 N. H. 68, 79 Atl. 694; *Terre Haute, I. & E. Traction Co. v. Stevenson*, 189 Ind. 100, 123 N. E. 785; *Carrahan v. Boston & N. St. Ry. Co.*, 198 Mass. 549, 126 Am. St.

461, 85 N. E. 162; *Texas Cent. R. Co. v. Dumas* (Tex. Civ. App.), 149 S. W. 543; *Trochta v. Missouri, K. & T. Ry. Co.* (Tex.), 218 S. W. 1038; *Underwood v. Old Colony St. Ry. Co.*, 33 R. I. 319, 80 Atl. 390; *Ellis v. Metropolitan St. Ry. Co.*, 233 Mo. 657, 138 S. W. 23; *Staab v. Rocky Mountain Bell Tel. Co.*, 23 Ida. 314, 129 Pac. 1078.)

The court did not err in refusing to reduce the amount of damages awarded by the verdict, and the same is not 'excessive.   (C. S., sec. 6644; *Valenti v. Sierra Ry. Co.*, 158 Cal. 412, 111 Pac. 95; *Dallas v. DeYoe*, 53 Cal. App. 452, 200 Pac. 361; *Rochester v. Seattle R. & S. R. Co.*, 67 Wash. 545, 122 Pac. 23, 39 L. R. A., N. S., 1156; *Hollingsworth v. Davis-Daly Estate Copper Co.*, 38 Mont. 143, 99 Pac. 142, 39 L. R. A., N. S., 1157, note; 38 Cyc. 1637 (cases cited) ; 17 C. J. 1316, 1324; *Consolidated Stone Co. v. Staggs*, 164 Ind. 331, 73 N. E. 695; *Merchants' etc. Oil Co. v. Burns*, 96 Tex. 573, 74 S. W. 758; *Evans v. Oregon Short Line R. Co.*, 37 Utah, 431, Ann. Cas. 1912C, 259, 108 Pac. 638; *Denbeigh v. Oregon-Wash. etc. Co., supra; Maw v. Coast Lumber Co.*, 19 Ida. 396, 114 Pac. 9; *Anderson v. Great Northern Ry. Co.*, 15 Ida. 522, 99 Pac. 9; *Cox v. Northwestern Stage Co.*, 1 Ida. 376; *Chesapeake & O. R. Co. v. Kelly*, 241 U. S. 485, 36 Sup. Ct. 630, 60 L. ed. 1117; *Texas & N. O. R. R. Co. v. Cunningham* (Tex. Civ.), 168 S. W. 428; *Wright v. Chicago & R. I. R. Co.*, 94 Neb. 317, 143 N. W. 220; *Neary v. Northern Pac. R. Co.*, 41 Mont. 480, 110 Pac. 226; *Carter v. Sioux City Service Co.*, 160 Iowa, 78, 141 N. W. 26; *Lane v. Brooklyn Heights R. R. Co.*, 85 App. Div. 85, 82 N. Y. Supp. 1057; *Frieber v. New York Ry. Co.*, 149 App. Div. 804, 134 N. Y. Supp. 267; *Tucker v. Whitridge*, 143 App. Div. 191, 128 N. Y. Supp. 233; *Diller v. Northern Cal. P. Co.*, 162 Cal. 531, Ann. Cas. 1913D, 908, 123 Pac. 359; *Staab v. Rocky Mtn. Bell Tel. Co., supra.*)

DUNN, J.—Oliver F. Short, Jr., was killed on a private crossing on the railway of the Boise Valley Traction Company just west of Eagle by an electric car of said company,

of which Herbert L. Marks was motorman and Guy Sprague the conductor.

The deceased was in his automobile attempting to cross the railroad track from his home to the county road at the time he was struck by said car and killed. The evidence regarding the accident is conflicting. The motorman testified to having first seen the automobile driven by the deceased when it was about forty-two feet from the track and coming into sight from behind an apple tree when the electric car was from 100 to 110 feet west of the point where the collision occurred; and his statement is that said car was then running at a speed of from twenty to twenty-five miles per hour. He testifies also that as soon as he saw the automobile he applied the air-brake and sounded the whistle. He says that Short looked toward the approaching electric car and appeared to be attempting to operate the brake or shift the gear of his automobile, but that he kept coming toward the railroad track, and was moving about eight or ten miles an hour. Other witnesses testified to facts tending to show that when the motorman had his first opportunity to see the automobile his car was probably from 190 to 200 feet from the point of collision and the automobile coming through the gate on to the right of way, which would place it about twenty-two feet from the track. Other testimony also fixes the speed of the electric car at from fifteen to forty-five miles per hour and of the automobile at four, five or six miles per hour. The evidence is also conflicting as to the time at which the motorman sounded his whistle, some witnesses fixing the time as almost at the instant of the crash. All the testimony indicates that there was little if any slackening of the speed of the car between the time when the automobile was first visible to the motorman and the moment when the collision occurred.

At the conclusion of plaintiff's case defendant moved for a nonsuit, which the court denied. Thereafter defendants introduced evidence, the case was submitted to the jury and a verdict returned in favor of plaintiffs, widow and minor child of deceased, for $20,000.

Appellants moved for judgment notwithstanding the verdict, which the court denied, and thereafter moved for a new trial, which was denied. Appeal was taken from the judgment and also from the order denying a new trial.

In an opinion accompanying the order denying the motion for a new trial the trial judge discusses quite fully the facts as well as the law of the case. The case was submitted to the jury upon the theory that the doctrine of the last clear chance might apply. This position of the trial court was most strenuously resisted by appellant in presenting its motion for a new trial, as it is also on this appeal. We fully agree with counsel for appellant that "it is probably a hopeless task, and an unprofitable one," to undertake a discussion or an analysis of all the cases in which the courts have attempted to apply the last clear chance doctrine. It would be impossible to harmonize them, and we find it impossible to appreciate the hair-splitting distinctions that some of them attempt to draw in dealing with facts disclosed in the various cases. We are in accord with the following statement from the supreme court of Washington:

"Much of the confusion attending the doctrine of the last clear chance has come from a seeming belief on the part of many judges and text-writers that it is in itself a principle of law and subject to arbitrary definition, whereas it is no more than a judicial exception to established principles, resting in fact, and not in law. The chance to avoid an injury is a relative question to be resolved solely by reference to the facts of each particular case. If the one party knows of the peril of the other, although brought about by that other's negligence, in time to avoid injuring him, he is at once put to a degree of care commensurate with the present situation of the parties." (*Locke v. Puget Sound International R. & P. Co.*, 100 Wash. 432, 171 Pac. 242, L. R. A. 1918D, 1119.)

In the case of *Pilmer v. Boise Valley Traction Co.*, 14 Ida. 327, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A., N. S., 254, this court adopted the rule enunciated by the supreme court

of the United States in *Grand Trunk Co. v. Ives*, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. ed. 485, as follows:

"Although the defendant's negligence may have been the primary cause of the injury complained of, yet an action for such injury cannot be maintained if the proximate and immediate cause of the injury can be traced to the want of ordinary care and caution in the person injured; subject to this qualification, which has grown up in recent years (having been first enunciated in *Davis v. Mann*, 10 Mees. & W. (Eng.) 546), that the contributory negligence of the party injured will not defeat the action if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the injured party's negligence." (*Denbeigh v. O. W. R. & N. Co.*, 23 Ida. 663, 132 Pac. 112.)

That deceased was negligent in not seeing the approaching car, or, if he did see it, in not stopping his automobile before it reached the track, is admitted, and it is also admitted that the motorman saw deceased before the collision, but the question whether the motorman saw deceased when his position became one of actual peril, and yet in time to give him further warning or stop the electric car, or, if he did so see deceased, whether he used reasonable care to avoid injuring him were facts properly submitted to the jury.

The conflicting evidence as to the facts involved made it impossible for the court to say as a matter of law that the negligence of deceased was the proximate cause of his death and that therefore the plaintiffs were not entitled to recover. It presented a case peculiarly fit to be submitted to a jury of twelve men who, in addition to hearing the evidence in the case, visited the scene of the accident before returning their verdict. The court committed no error in submitting the matter to the jury nor in denying the motion for a new trial.

From an examination of the entire charge to the jury we are unable to see that the trial court committed any error therein entitling appellant to a reversal of the judgment.

Counsel for appellant contend that substantial justice was not done by the verdict in this case and that for this reason the trial judge should have granted a new trial, citing *Buster v. Fletcher,* 22 Ida. 172, 125 Pac. 226; *Baillie v. City of Wallace,* 22 Ida. 702, 127 Pac. 908; *Jones v. Campbell,* 11 Ida. 752, 84 Pac. 515. They state in their opening brief: "We feel that had the court considered the theory which Justice Stewart laid down in the Idaho cases heretofore cited in this connection he would have sent this case back for a new trial, as it is patent from his decision that he did not believe that justice had been done."

We think this statement is hardly fair to the trial judge. A careful examination of his opinion shows that his interpretation of the cases cited is different from that of counsel for appellant and that he rejects the view, which seems to be held by counsel for appellant, that a new trial should be granted in every case in which the trial judge, if the facts had been submitted to him, would have reached a different conclusion from that of the jury. The holding of this court is that "Where there is direct conflict in the evidence the trial court ought always to grant a new trial if it is clearly of the opinion that substantial justice has not been reached by the verdict of the jury." (*Buster v. Fletcher, supra.*) It does not appear from this record that the trial judge was "clearly of the opinion that substantial justice had not been reached by the verdict of the jury." If he had been of such opinion he would no doubt have granted a new trial.

Appellant also urges that the verdict was excessive, appearing to have been given under the influence of passion and prejudice, but we think this objection is not well taken. The statute governing recoveries in cases of this kind is as follows:

C. S., sec. 6644. "When the death of a person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death; or if such person be employed by another person who is responsible

for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as under all the circumstances of the case may be just.''

Under this statute, and many authorities upholding recoveries at least equal to that in this case, we are unable to hold that this verdict was excessive.

The judgment and the order denying a new trial are affirmed, with costs to respondents.

Budge and Wm. E. Lee, JJ., and Varian, District Judge, concur.

Petition for rehearing denied.