MARGARET J. DE MOTT ET AL., RESPONDENTS, v. WAL-
TER E. KNOWLTON ET AL., APPELLANTS.

Submitted June 9, 1924—Decided October 20, 1924.

1. Requests for instruction limiting the proofs in a manner not
warranted by the pleadings are properly refused.
2. An automobile, operated by the defendant, was driven from and
off the roadway and on to the sidewalk and struck and injured
the plaintiff who was walking there. The defendant testified that
while thus driving along the roadway a bee flew in the car and
frightened her children who were riding with her, so that her at-
tention was distracted, and that one of the children (three or
four years old) "put her hand on the wheel and jerked it
quickly;" *Held*, that a motion to direct a verdict for the defend-
ant upon the ground that there was no evidence of any negligence,
which was the proximate cause of the accident, was properly
denied.
3. Proof of the husband's ownership of an automobile, which was
being driven on the highway by his wife, raises a presumption of
fact that it was being driven by her as his agent, and that she
was acting within the scope of her agency. Evidence that such
automobile was a family car, furnished by the husband for the
recreation, health and convenience of his wife and children, that
they had no paid driver, that the wife, with the acquiescence of
her husband, regularly and usually took their children out for an
airing, and that she had them with her at the time of the acci-
dent in which the plaintiff was injured, presents at least a jury
question upon the topic of agency of the wife, and the mere fact
that during the drive the wife had made a personal call upon a
friend did not justify a nonsuit or the direction of a verdict for
the defendant owner.
4. Where an act is negligent it is not necessary to render it the
proximate cause that the person committing it could or might
have foreseen the particular consequence or the precise form of
the injury, or the particular manner in which it occurred, if by
the exercise of reasonable care it might have been foreseen or
anticipated that injury might result.

On appeal from the Supreme Court.

For the appellants, *Collins & Corbin* (*George S. Hobart,
Edward A. Markley* and *William B. Harley*, of counsel).

For the respondents, *Wendell J. Wright*.

The opinion of the court was delivered by

TRENCHARD, J.  This is an appeal to review the judgment of the Supreme Court affirming judgments of the Bergen County Circuit Court in favor of the plaintiffs-respondents against both of the defendants for personal injuries received by the plaintiff Margaret J. DeMott, and the consequential damages of her husband, John H. DeMott.

The central fact appearing at the trial was that while the plaintiff Mrs. DeMott was walking along the sidewalk, on Washington avenue, in Tenafly, she was run down and injured by an automobile owned by the defendant Walter E. Knowlton, and driven by his wife, the other defendant.

The first ground of appeal argued is that "the trial court erred in refusing to limit the jury to the negligence charged in the complaint."

The only foundation for this contention is the fact that the judge refused to charge that "the only negligence charged in the complaint is that the defendant operated her automobile in a careless and negligent manner so that it could not be controlled and stopped," and "the plaintiffs are limited in their proofs to the negligence charged in the complaint." But that request was properly refused because the negligence recited in the request was not the only negligence charged. The complaint further averred that the defendant "so carelessly operated and managed it [the automobile] that it ran with great force and speed from and off the roadway of said Washington avenue up and on to the sidewalk of said street, and then and there struck, knocked down, bruised and severely and permanently injured the plaintiff Margaret J. DeMott," &c. The request, therefore, called for a limitation of the proofs in a manner not warranted by the pleadings, and, hence, was properly refused.

The next point is that "the trial court should have directed a verdict in favor of the defendants on the ground that there was no evidence of any negligence which was the proximate cause of the accident."

The argument is that there was no evidence of negligence upon the part of Mrs. Knowlton, the driver.

We think there was.  It appeared that she drove the automobile from and off the roadway and on to the sidewalk, and struck and injured the plaintiff Mrs. DeMott, who was walking there.  That evidence, even when considered in connection with the driver's evidence, required the submission of the question of the driver's negligence to the jury.  The testimony of the driver was that as she was driving along the roadway a bee flew in the car and frightened her children who were riding with her so that her attention was distracted, and that one of the children (three or four years old) "put her hand on the wheel and jerked it quickly."  But that testimony did not justify the withdrawal of the question of the driver's negligence from the jury, for whether or not that testimony was credited in its entirety, it was open to the jury to find, as they evidently did, that if the driver had used reasonable care in the circumstances she could have avoided going on the sidewalk, and that her failure so to do was the proximate cause of the accident.

It is also argued that the trial judge should have nonsuited the plaintiffs or directed a verdict for the defendant Walter E. Knowlton, the owner of the automobile, because there was no evidence that his wife, the driver of the car, was, at the time of the accident, acting as his agent or servant.

We think that there was such evidence.  The proof of the husband's ownership of the automobile, which was being driven on the highway by his wife, raised a presumption of fact that it was being driven by his wife as his agent, and that she was acting within the scope of her agency.  *Tischler* v. *Steinholtz,* 99 *N. J. L.* 149; *Mahan* v. *Walker,* 97 *Id.* 304.  The defendant owner sought to overcome by other evidence such presumption of agency, but we think that such evidence presented at least a jury question upon that topic. The evidence was that the automobile was a family car, furnished by the husband for the recreation, health and convenience of his wife and children, and that they had no paid driver; that the wife, with the acquiescence of her husband, regularly and usually took their children out for an airing, and that she had them with her at the time of the accident in

question. The mere fact that during the drive the wife had made a personal call upon a friend did not justify a nonsuit of the plaintiffs nor a direction of a verdict for the defendant owner. The automobile, at the time of the accident, was occupied by the owner's immediate family, and the evidence tended to show that it was being used for the health and enjoyment of his wife and children, which was his affair and business, which he recognized by furnishing the automobile for that purpose. *Missell* v. *Hayes,* 86 *Id.* 348; *Tischler* v. *Steinholtz, supra.*

It is also contended that the trial judge erred in refusing to charge that "if the injury to the plaintiff resulting from the accident could not have been foreseen by a prudent person, exercising due care, the injury has to be attributed not to the defendant, but to an accident."

But that request was too broad and was properly refused. We dare say that few, if any, persons can foresee the *precise* consequences of a negligent act. The rule is that where an act is negligent it is not necessary to render it the proximate cause that the person committing it could or might have foreseen the particular consequence or precise form of the injury, or the particular manner in which it occurred, if by the exercise of reasonable care it might have been foreseen or anticipated that some injury might result. 29 *Cyc.* 495.

The foregoing observations in effect dispose of all points argued which in our judgment require comment.

The judgment below will be affirmed, with costs.

*For affirmance*—The Chancellor, Trenchard, Parker, Kalisch, Katzenbach, Campbell, Lloyd, White, Van Buskirk, Clark, McGlennon, Kays, JJ. 12.

*For reversal*—None.