(No. 6302.   May 23, 1936.)

EDWIN E. BURKLAND, Appellant, v. OREGON SHORT LINE RAILROAD COMPANY, a Corporation, Respondent.

[58 Pac. (2d) 773.]

Peterson, Anderson, Bowen & Anderson, for Appellant.

H. B. Thompson and Geo. H. Smith, for Respondent.

AILSHIE, J.—Appellant was employed for 24 years by the respondent company as a locomotive fireman and engineer; during most of that time he had served the company as a fireman and operated locomotives in all classes of service. From December, 1933, up to the time of his injury he had been assigned a short run every third day from Ogden, his home town, to Salt Lake City; his day's work consisted of three trips between Ogden and Salt Lake City. On the morning of February 9, 1934, shortly after nine o'clock, appellant and his engineer Duffin left Ogden on the Los Angeles, Limited (a transcontinental train), arriving in Salt Lake City about eleven. They left the Los Angeles train and got on the engine of train No. 20, consisting of a baggage and one other coach. The train was twenty minutes late when it left Salt Lake City for Ogden. About fifteen minutes later they passed the depot at Woods Cross where the railroad runs north and south and the public highway east and west.

As they approached the first highway crossing north of Woods Cross they met a freight train on the southbound track. Just as the caboose of the freight passed train No. 20 appellant observed an automobile containing oil tanks hauling a trailer also having oil tanks on it; the automobile was approaching the crossing, the front part of the auto being about three feet from the first rail of the southbound track.

The train was then about 1200 feet from the crossing. Appellant [testifies that he] shouted to Duffin "to hold her," which (in railroad parlance) means to "stop at once." At that time the engineer was blowing the whistle for the crossing and when appellant shouted at him he "continued to blow the whistle." Appellant then jumped across the cab and shouted again: "Hold her, there is a truck coming"; the engineer leaned toward appellant and continued to pull on the whistle. They were then about ten or eleven hundred feet from the crossing. Appellant testified that at no time did the engineer apply the brakes or the sand. A collision occurred at which time the truck had entirely cleared the track; the engine struck the trailer about four or five feet from the rear end; engine traveling between 55 and 60 miles an hour. The gasoline in the trailer ignited and covered the train with flames and filled the cab; two of the wheels of the locomotive were derailed; the air line on the engine was broken. The engineer died two days later from burns received. Appellant's face was badly disfigured; his clothing practically burned off, part of his eyesight destroyed, his back fractured and he was permanently and totally disabled.

In June, 1934, suit was brought by appellant in the Utah district court against Carter and Dooley, owners of the oil truck, charging one of their employees with negligently driving a truck and trailer loaded with gasoline upon the railroad tracks immediately in front of train, without any precaution and without looking or keeping any lookout for the approach of engines and trains at such crossing. August 25th following, in consideration of a settlement of $6,000 from the owners of the truck, appellant and wife signed and delivered an agreement not to further prosecute that action, "it being expressly understood and agreed, however, that this covenant and agreement is not intended as a release as against any other individual, firm or corporation."

June 30, 1934, the present action for general and special damages was instituted against respondent. Judgment was rendered in June, 1935, in favor of respondent, from which this appeal is prosecuted.

The errors assigned are directed chiefly against instructions given by the court to the jury.

It is contended by appellant that Instruction No. 14 was erroneous and was also contradictory to Instruction No. 4. The latter instruction quoted sec. 51 of Title 45, U. S. C. A., which specifies the conditions under which an employee may recover; that is "for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier," etc. Instruction No. 14 is as follows:

"You are instructed that it is not the theory of the Federal Employers Liability Act, under which this suit is brought, that industry shall bear the burden of compensating employees for injuries sustained by them which the master could not have reasonably anticipated as likely to occur by the use of the methods and appliances provided by the master, and where the injury is not the result of the negligence of any of the officers, agents, or employees of the master. Accordingly, you are not at liberty to render a verdict against the defendant merely because the plaintiff received an injury in the course of his employment, nor *unless you can fairly say from the evidence that the injury was caused by the negligence of the defendant,* as defined in this and other instructions given to you by the court." (Italics ours.)

Now it is claimed that this instruction contradicts the terms of the statute contained in the previous instruction by telling the jury, that it was necessary to find "that the *injury was caused by the negligence of the defendant,*" and omitting the modifying terms of the statute, "in whole or in part." Specific complaint made against Instruction No. 14 is that the jury were told that they must find that the *injury was caused by the negligence of the defendant,* whereas the statute provides that "such injury or death *resulting in whole or in part* from the negligence" of the carrier entitled the plaintiff to recover. Congress must have had a purpose and design in inserting the words "in part" in this statute and evidently had in mind the "proximate cause" rule and meant to make sure that negligence "in part" causing an

injury should fall as well within the proximate cause rule as if the negligence were "in whole."

In *Illinois Central R. Co.* v. *Skaggs,* 240 U. S. 66, 36 Sup. Ct. 249, 60 L. ed. 528, the U. S. Supreme Court said: "If the injury to one employee resulted 'in whole or in part' from the negligence of any of its other employees, it is liable under the express terms of the act." (*Norfolk & W. Ry. Co.* v. *Short's Admr.,* 171 Ky. 647, 188 S. W. 786, 788; *Cincinnati, N. O. & T. P. Ry. Co.* v. *Swann's Admx.,* 160 Ky. 458, 169 S. W. 886, 887, L. R. A. 1915C, 27; *Missouri Pac. R. Co.* v. *Remel,* 185 Ark. 598, 48 S. W. (2d) 548, 552.)

In a case of this particular character where it is apparent to the jury that the railway company was not the primary or sole cause of the accident and that the accident would not have occurred had the truck driver not negligently pulled the gasoline tank onto the railway track, it was a matter of more than ordinary importance that the jury be instructed that *if any negligence* of the company contributed to the occurrence of the accident, it would render the company liable. (45 U. S. C. A., sec. 51; *Going's Admx.* v. *Norfolk & W. Ry. Co.,* 119 Va. 543, 89 S. E. 914, affirmed in 248 U. S. 538, 39 Sup. Ct. 22, 63 L. ed. 409.)

In *Going's Admx.* v. *Norfolk & W. Ry. Co., supra,* the court, speaking of the effect of the Federal Employers' Liability Act, said:

"That is to say, it is true, as claimed by counsel for plaintiff, that the defendant can escape liability under this act [Employer's Liability] only in a case where there is no negligence whatever on its part causing or contributing to the employee's injury and death. If defendant was guilty of any negligence, causing or contributing to Going's injury and death, it is liable."

(To same effect see: *Gulf, C. & S. F. Ry. Co.* v. *Boyce,* 39 Tex. Civ. App. 195, 87 S. W. 395, 400; *Ridge* v. *Norfolk So. R. Co.,* 167 N. C. 510, 83 S. E. 762, L. R. A. 1917E, 215, 224.)

The jury might have concluded that there was nothing the engineer could have done that would have avoided the accident or that he was unaware of the danger ahead until it was too late to act; or they might have concluded that he could have slowed the speed of the train down enough to

allow the trailer to get off the track without being struck by the locomotive.

It is well contended that *but for the negligence of the truck driver* there would have been no accident, but that does not solve our problem here since the gasoline tank drawn by the truck did not explode merely by reason of being on the track but rather by reason of being struck by defendant's moving locomotive, the latter act being the efficient intervening cause. This brings us to the decisive issue in the case as to whether the engineer had a *last clear chance* to avert the accident notwithstanding the primary negligence of the truck driver, and whether the engineer negligently failed to exercise such chance. If this latter issue should be found in the affirmative then "each [the truck driver and the engineer] is, and both are the proximate cause of the injury." (*Merrill v. Los Angeles G. & E. Co.*, 158 Cal. 499, 111 Pac. 534, 139 Am. St. 134, 31 L. R. A., N. S., 559, and cases cited; *Hill v. Peres*, 136 Cal. App. 132, 28 Pac. (2d) 946, 949; *Hilson v. Pacific G. & E. Co.*, 131 Cal. App. 427, 21 Pac. (2d) 662, 665.)

Various grounds of criticism are urged against the giving of Instruction 13, which is as follows:

"On the question of proximate cause you are instructed that a natural consequence of an act is the consequence which ordinarily follows it, the result which may reasonably be anticipated from it. A probable consequence is one that is more likely to follow its supposed cause than it is to fail to follow it.

"A proximate cause is one from which the effect might be expected to follow without the concurrence of any unusual circumstance. Proximate causes are such as are the ordinary and natural result of the omission or negligence complained of and are usual and might have been reasonably expected to occur. The defendant cannot be held liable for an act of its employee which was not a proximate cause, and the result of which could not be *reasonably anticipated under the rule which I have just stated,* and regardless of whether you conclude from the evidence that the engineer heard and understood what the plaintiff *endeavored* to say to him, still you may not find a verdict in his favor and against the defendant unless it shall appear from the evidence that the

engineer was negligent in the respects alleged in the complaint, and *that his negligence, and not the act of someone else, was the proximate cause of the collision within the definition of proximate cause which I have given you."*

As suggested by counsel for respondent, much of this instruction is copied from *Antler v. Cox,* 27 Ida. 517, 149 Pac. 731. The difficulty about giving the same instructions in this case lies in the different state of facts here presented. Under the conceded facts in this case the injury inflicted on appellant was the result of the combination of two independent agencies and causes: namely, the original act of the truck driver in driving the trailer onto the track in front of the approaching train; and secondly, the moving locomotive colliding therewith. With either one of these causes absent the accident would not have happened; with both concurring it was inevitable. The resultant accident might have been caused by the negligent conduct of one only, or both, but it took the acts of both, whether negligent or otherwise, to produce the result of which the appellant complains. As may be seen, the concluding portion of Instruction 13 advised the jury that

"regardless of whether you conclude from the evidence that the engineer heard and understood what the plaintiff endeavored to say to him, still you may not find a verdict in his favor against the defendant unless it shall appear from the evidence that the engineer was negligent in the respects alleged in the complaint, and *that his negligence, and not the act of someone else,* was the proximate cause of the collision within the definition of proximate cause which I have given you."

This concluding part of the instruction, taken in connection with the definition of proximate cause, undoubtedly led the jury to believe that in order to find for the plaintiff they must find that the negligence of the engineer, separate and independent from the acts of everyone else, must be the proximate cause of the injury. It is insisted by respondent that this was cured by the giving of Instruction 18, which reads as follows:

"If, however, the plaintiff has suffered damages by reason of the concurrent negligence of two or more persons, firms

or corporations, he may sue one or all. He may join them in the same action, or maintain separate actions against them at the same time. It is not necessary that the defendants shall have acted in concert, or that there shall have been a joint operation or union of act and intent in order to make one or all of them liable. It is sufficient if the negligence of the defendant and others combined to produce the plaintiff's injuries, and when that is true they are jointly, or jointly and severally liable.

''Where it is shown that the concurrent negligence of the defendant and another or others produced the injury, the fact that it cannot be determined what portion of the injury was produced by each is immaterial as each is wholly responsible for the entire damages regardless of how little his own negligent act or the act of the defendant or its agents, servants or employees may have contributed thereto. The only requisite is that the proof show concurrent negligence of both or all where two or more are negligent, and when it is shown all parties participating in the negligent act are responsible for the entire result.

''The negligence of a person, firm or corporation or its or their agents concurring to produce the injurious results to the plaintiff need not have been the sole cause of an injury in order to render such person, firm or corporation liable. The wrongful act of one person, firm or corporation, or his or their or its agents, servants or employees cooperating in the wrongful act or acts is sufficient to render all or any one liable for the injurious results. Of course, in order for a person, firm or corporation to be liable for the negligence of his, their or its servants, agents, or employees, it must appear that the servant was acting within the line, course, or scope of his employment.''

This latter instruction correctly stated the law on the subject but we fail to see how the two instructions can be reconciled in the light of the facts of the present case. Had the substance of this latter instruction been coupled with or modified by the definition of proximate cause so as to state in effect that an accident, which results from the combined acts of two separate and independent agencies, may be the act of one or both of such agencies, acting separately or con-

jointly, and that they might find *either or both the proximate cause,* the jury would not have been misled or confused over the definition and statements in Instruction 13. In this state of facts it was also confusing and misleading to give that part of Instruction 13 which was in conflict with Instruction No. 4 as to the measure or degree of negligence necessary to be shown in order to enable plaintiff to recover under the federal act.

Furthermore by Instruction 13 the jury were also told that the defendant was only liable for the consequence which ordinarily follows an act, "the result of which may reasonably be anticipated"; and again they were told that "proximate causes are such as are the ordinary and natural result of the omission or negligence complained of" and such only as "are usual and might have been reasonably expected to occur," and not the "result of which could not be reasonably anticipated." These definitions taken in connection with the other statements contained in this instruction were calculated and most likely to lead a jury of laymen to the belief that unless the engineer saw the trailer on the track or had reason to know, or was informed, that it was on the track, and that he could have reasonably foreseen that the collision would result in bursting the tank and spraying the locomotive with gasoline and burning the plaintiff, the company would not be liable. If so construed and understood by the jury, the instruction would be erroneous and extremely prejudicial to the plaintiff. He might not have recognized the trailer as a gasoline tank; he could not know whether it was empty or loaded nor could he foresee that a collision would burst the tank or that the contents of the tank would ignite and envelop the locomotive, burning himself and the fireman. The law does not require such an exact foresight into probable results before holding one responsible in whole or in part for the results of an act of negligence.

The true rule, as we understand it, does not require that the defendant must have been able to foresee the precise injury which in fact resulted from the accident, or the particular, injurious result which might be inflicted upon person or property as the result thereof; on the other hand the law only requires that he shall be able to understand and appre-

ciate that results of some kind of injurious nature may be reasonably anticipated from the negligent act of omission or commission. (*De Mott v. Knowlton,* 100 N. J. L. 296, 126 Atl. 327, 328; *Washington & Georgetown R. Co. v. Hickey,* 166 U. S. 521, 17 Sup. Ct. 661, 41 L. ed. 1101; *Baltimore & O. R. Co. v. McBride,* 36 Fed. (2d) 841; *Soda v. Marriott,* 118 Cal. App. 635, 5 Pac. (2d) 675, 677; *Carroll v. Central Counties Gas Co.,* 74 Cal. App. 303, 240 Pac. 53; *Lashley v. Dawson,* 162 Md. 549, 160 Atl. 738, 742; *Sisk v. Chicago, B. & Q. R. Co.,* (Mo. App.) 67 S. W. (2d) 830, 834; 2 Restatement of the Law of Torts, p. 1173, sec. 435; 12 R. C. L., sec. 53, p. 913.)

█ Error is assigned against the use of the word ''established'' in the following portion of Instruction 17:

''The presumption in all particulars is that Duffin, the engineer, was doing his duty, and not negligent, and you may not conclude that he was negligent in any respect except as such facts may be established by the plaintiff by a preponderance of the evidence.''

It appears that the plaintiff was by this instruction required to ''establish'' his case by a preponderance of the evidence. Appellant now complains of the use of the word ''established'' instead of the word ''proven.'' The use of the word ''established'' has been held misleading and prejudicial in some cases. (*Hurzon v. Schmitz,* 262 Ill. App. 337; *Knights of Pythias v. Steele,* 107 Tenn. 1, 63 S. W. 1126; *Wyatt v. Chambers,* (Tex. Civ. App.) 182 S. W. 16.)

We think, however, that the distinction drawn between ''proven'' and ''established'' is rather too tenuous as a basis for reversal of a judgment. We doubt if the jury would be in any way influenced more by the use of the one word than the other. (*Carl v. Settegast,* (Tex. Civ. App.) 211 S. W. 506, 519; *Wistrom v. Redlick Bros.,* 6 Cal. App. 671, 92 Pac. 1048, 1050; *Fries v. Royal Neighbors,* (Mo. App.) 210 S. W. 130, 135; *Gamble v. Martin,* (Tex. Civ. App.) 151 S. W. 327, 330.) However, it is always safe to adhere to approved instruction on preponderance of evidence and burden of proof.

█ Since this case will have to be remanded for new trial it becomes necessary for us to pass on instructions to

which objections have been made, in order that the trial court may have our views on the retrial. Objection has been made to Instruction No. 15, advising the jury as to the existence of a Utah statute and the further comment thereon by the court. As we understand it, the objection is made to the court giving the jury only a part of the statute and not instructing them as to the whole statute. We think it a better practice for the court to give the entire statute, especially where a foreign statute is introduced in evidence. (*International & G. N. Ry. Co. v. Bandy*, (Tex. Civ. App.) 163 S. W. 341; *Gause-Ware F. Home v. McGinley*, (Tex. Civ. App.) 21 S. W. (2d) 347, 349.) It seems doubtful if this statute should have gone to the jury and this doubt is engendered by reason of the fact that no evidence is called to our attention on which the statute could be brought to bear.

██ ██ Following the quotation of the statute the court gave an instruction stating the duty of the truck driver under the Utah statute. Among other things he said:

"This was an absolute duty, which the defendant's engineer had a right to assume the driver of the truck would obey, and he was entitled to proceed on the assumption that he would discharge such statutory obligation."

This instruction should have carried with it a modification recognizing the last clear chance rule and advising the jury that this "assumption" would cease at the moment it became apparent to the engineer that the truck driver was not going to discharge this "absolute duty" to obey the crossing statute. (*Pilmer v. Boise Traction Co.*, 14 Ida. 327, 94 Pac. 432, 125 Am. St. 161, 15 L. R. A., N. S., 254, 92 A. L. R. 88 (note); *Denbeigh v. O. W. R. & N. Co.*, 23 Ida. 663, 132 Pac. 112; *Short v. Boise Valley T. Co.*, 38 Ida. 593, 225 Pac. 398, 399; *York v. Alho*, 52 Ida. 528, 16 Pac. (2d) 980, 982.) This same instruction concluded by telling the jury that if they found that the truck driver's "violation of the statute was the proximate cause of the collision, and but for which alone the plaintiff would not have been injured, you must render a verdict against the plaintiff and in favor of the defendant." It must have been clear to the jury at once that no accident could have occurred had the truck driver not violated his duty in driving onto the track; yet under

this instruction they might have well concluded that that alone was the proximate cause.

Error is assigned on the admission in evidence of a sketch called a map (deft's Ex. 6). It failed to meet the requirements of the rules of evidence relating to the introduction of maps, drawings, photographs, etc. (2 Wigmore on Evidence, 2d ed., p. 98, sec. 793 et seq.), and was inadmissible, but we think the error was harmless in this case.

We have examined the other assignments of error but fail to find any prejudicial error therein or any question that requires our further consideration. Nothing herein stated in relation to the facts of the case shall be considered or construed as an expression of opinion as to the credibility, weight or materiality of any of the evidence in the case.

The judgment is reversed and the cause is remanded for a new trial in harmony with the views herein expressed. Costs awarded in favor of appellant.

Morgan and Holden, JJ., concur.

Givens, C. J., and Budge, J., dissent.

Petition for rehearing denied.