THE CHICAGO AND ALTON RAILROAD COMPANY

*v.*

JOHN P. GATES.

*Filed at Springfield June 11, 1896.*

Upon the authority of *Chicago and Alton Railroad Co.* v. *Dumser*, 161 Ill. 190, which presented similar facts and questions of law, the judgment in this case is affirmed.

*Chicago and Alton Railroad Co.* v. *Gates*, 61 Ill. App. 211, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

In October, 1893, appellee purchased an excursion ticket over the appellant's railroad from Carlinville to St. Louis and return. On starting home that night, accompanied by his wife and daughter, he entered appellant's train standing in the union depot at St. Louis, and found a seat for his wife and daughter. Not finding one for himself, there being many passengers aboard, he went into the car next behind. He had been seated in the rear car but a few minutes when some one announced that the car was about to be detached from the one in front. Upon hearing this he hastened to go forward to rejoin his wife and daughter. Preparatory to separating the cars the trainmen had raised the iron flanges covering the couplings, and they were left standing up, directly in the

passageway. Appellee, on attempting to cross the platform, stumbled against this flange and fell between the platforms of the two cars, receiving severe injuries. He brought an action for damages in the Macoupin circuit court and recovered a judgment for $1300.

Two defenses were made,—one that plaintiff failed to use ordinary care for his own safety, and the other that the injury was received on the line of the Terminal Railway Association in St. Louis, and was not caused by the fault of the defendant company but by the negligence of the other company, if at all. Defendant appealed to the Appellate Court for the Third District, where the judgment of the circuit court was affirmed.

RINAKER & RINAKER, for appellant.

ANDERSON & BELL, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellant insists that the court should have excluded plaintiff's evidence from the jury and should have instructed the jury to find a verdict for defendant. This contention is based upon the theory that the testimony introduced upon the hearing, relating to the injury, was incompetent, because appellant is not to be held liable for an injury occurring upon the line of the Terminal Railway Association, at the union depot in St. Louis. If appellant is so liable the testimony was competent, and it cannot be urged here that it failed to establish negligence, as that question of fact has been conclusively determined by the finding of the Appellate Court. The question for our consideration here, then, is, whether the appellant company can be held liable for an injury sustained by appellee while upon the line of the other company.

The facts of this case relating to the management of the train and the duty of appellant to care for the safety

of its passengers, under the circumstances, are not materially different from those in *Chicago and Alton Railroad Co.* v. *Dumser*, 161 Ill. 190. The railroad company was held liable in that case, and for the reasons there announced must be so held here.

Whether appellee was in the exercise of due care at the time of the injury is also a controverted question of fact settled by the decision of the Appellate Court.

We find no error in the introduction or exclusion of evidence or in giving or refusing instructions.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*