HOUSTON EAST & WEST TEXAS RAILWAY COMPANY V. J. W. ROGERS.

Delivered April 1, 1897.

**1. Railroad Company—Delayed Train—Duty to Passenger—Question for Jury.**

Where the further progress of a passenger train was stopped, on a dark, cold, and rainy night, by the washing away of a bridge, it is a question for the jury whether or not the railway company should have backed the train to a place where the passengers might have been cared for.

**2. Same—Discomfort Voluntarily Incurred by Passenger.**

A passenger on a railroad train who, when the further progress of the train is stopped by the carrying away of a bridge, voluntarily leaves the train, with the conductor and other passengers, without being misled, in order to walk back to a farmhouse to get a conveyance to his place of destination, can not recover from the company for the inconvenience and discomfort experienced while on the way to the farmhouse.

**3. Same—Duty to Shelter Passengers—Breach—Measure of Damages.**

The measure of damages for the breach by a railroad company of its duty to its passengers to back its train to a farmhouse or some other place of shelter, where its further progress is prevented by the washing away of a bridge, is the difference between the inconvenience and discomfort experienced by the passenger in walking back to the farmhouse and what he would have experienced if the train had been pushed back to it.

**4. Same—Liability for Unauthorized Undertaking of Conductor.**

A railroad company is not liable for the promise of the conductor on a train which is prevented from completing its journey, to the effect that he would procure a conveyance to carry the passengers to their destination.

APPEAL from Shelby. Tried below before Hon. S. W. BLOUNT.

*W. H. Wilson,* for appellant.—1. A principal is not liable for the acts of an agent beyond the scope of his employment and authority. Railway v. Kendrick, 32 S. W. Rep., 43.

2. A railway company is not liable for the consequential damages of a party's own actions. Railway v. Perry, 27 S. W. Rep., 496; Railway v. James, 18 S. W. Rep., 589; Railway v. Head, 15 S. W. Rep., 504; Railway v. Mullins, 18 S. W. Rep., 790; Railway v. Kendrick, 32 S. W. Rep., 43.

*Branch & Garrison,* for appellee.—1. A railway company, as a public carrier, when it contracts so to do, is bound to carry passengers and safely

land them at their point of destination, unless prevented by some unforeseen occurrence, the nature of which is such as could not by proper care have been provided against. Hutch. on Carr., secs. 612, 562; 15 S. W. Rep., 48; 25 S .W. Rep., 451.

2. It is not enough to relieve a carrier of liability to say that, had the passenger remained where he was, he would have received no injury, or suffered very little, if any, discomfort or inconvenience; but should he leave his place of safety through the invitation or under direction of the carrier's servants, and by so doing is placed in a place of danger, and suffers discomforts or injuries, the carrier would be liable. Hutch. on Carr., sec. 534.

GARRETT, CHIEF JUSTICE.—This was an action brought by the appellee, J. W. Rogers, against the appellant, the Houston East & West Texas Railway Company, to recover damages for personal invonvenience and discomfort caused by the acts of appellant's conductor, while appellee was a passenger on one of appellant's trains. As plaintiff below, he set out in his petition, substantially, that on May 5, 1895, he purchased from the defendant railway company a ticket from the town of Teneha to the town of Nacogdoches, and rode on defendant's train to within about two and a half miles of Nacogdoches, to a point where a bridge was washed away, and defendant was unable to complete the transportation; that it was about 8 o'clock p. m. on a dark and rainy night when the washout was reached, and plaintiff was a stranger in the community; that the conductor refused to back the train to the last station passed, or to a farm house a short distance back, but ordered all passengers to get off and go to the farm house, where he would provide transportation for them to Nacogdoches; that relying upon this promise of the conductor, and in obedience to his order, plaintiff got off and walked back to the house, through mud and rain, over dangerous cattleguards and trestles, for about two miles, and when the house was reached the conductor failed to furnish transportation as he had promised; and that plaintiff was forced to sit up, wet and cold, at the house to which they went until about 1 o'clock at night, when he procured a conveyance to Nacogdoches, for which he paid 50 cents. The default of the defendant from which the damages arose was alleged to be its failure to back the train to the house to which the conductor took plaintiff, and in enticing plaintiff to leave the train in the rain, "upon representations and promises willfully, maliciously, and knowingly made;" for which he prayed $1000 actual damages, and his railroad fare, $1.15, and 50 cents paid for hack to Nacogdoches from the farm house. It appeared from the petition that it would be some time next day before the train could pass over the bridge.

The case was tried by jury, and resulted in a judgment in favor of the plaintiff for $250. Many errors have been assigned upon the action of the court in overruling exceptions to the petition and in the charge to the jury.

As appears from the petition, the damages were claimed for the alleged action of the conductor in failing to back the train up to the farm house, and ordering and enticing the plaintiff out of the train, and causing him to walk back to the house, upon a promise that he would furnish a conveyance to Nacogdoches, and causing him to suffer great inconvenience and discomfort from rain and cold and a muddy and dangerous walk. It is not alleged that the washout occurred from any fault of the defendant, and, if such was the case, the defendant would not be liable for the mere failure to complete the transportation within the time advertised. Hutchinson on Carriers, secs. 603, 608.

But the high degree of care imposed on it by law as a carrier of passengers would require the defendant to adopt all reasonable means for the comfort and safety of its passengers, and to extricate them from a dangerous situation into which they might be carried by it; and if it be true, as alleged in the petition, that there was no prospect of crossing the stream and completing the journey until next day, and the night was dark and rainy and the way dangerous, then it would be a question for the jury to decide whether or not, under all the circumstances alleged, the defendant should have backed its train to the last station or the farm house, and put the plaintiff down at a place where he could have been cared for, and prevented the inconvenience and annoyance to which he alleges he was subjected. This duty does not arise out of any promise or supposed contract made by the conductor, but from the requirement of the defendant as a carrier of passengers.

The fact that plaintiff may have left the train voluntarily should not cut him off from recovery, if he did so after the conductor refused to back the train, and he was ignorant of the conditions that caused his discomfort and inconvenience, and was misled by the conductor with respect thereto. The only fact that appears from the evidence that could have misled him was, perhaps, the distance to the farm house; but from the evidence, we are of the opinion that the plaintiff voluntarily left the train with the conductor and other passengers, without being misled, to go to the farm house, in order to get a conveyance to Nacogdoches, and that he has shown no cause of action.

The measure of damages for the breach of this duty, as shown by the petition, would be the difference between such inconvenience and discomfort as the plaintiff may have experienced in walking back to the farm house and that which he would have experienced if the train had been pushed back to it or the station. Hutchinson on Carriers, sec. 807, et seq. He would not be entitled to recover for the discomfort and inconvenience at the farm house or going from there to Nacogdoches.

Having thus stated the nature of the plaintiff's cause of action and the measure of damages he would be entitled to recover, we shall not notice in detail the many assignments of error relied on for a reversal of the judgment of the court below. The judgment must be reversed because the trial judge submitted to the jury issues in the case not raised by the pleadings or the evidence. No state of facts is disclosed by the

petition or the evidence that would require the defendant to complete the transportation of the plaintiff to Nacogdoches, and render it liable for the promise of its conductor to furnish such transportation, and the assumption in the charge of the court that the defendant would be liable for such promise, if the conductor was acting within the scope of his authority, was error, even if the facts showed that there was a contract between him and the plaintiff, which is not the case. There was no allegation in the petition that the defendant was negligent in the construction or maintenance of its road-bed or track, nor any evidence to that effect, so the instruction to the jury concerning its duty in this respect was uncalled for, and was positive error.

As there was no allegation of fault on the part of the defendant in the construction or equipment of its road, the objection of defendant to the evidence of West as to the condition of the engine should have been sustained.

We do not deem it necessary to notice any more of the numerous assignments of error. The case is simple upon its facts and the legal questions involved, and, from what has been said, may be properly tried, without our passing upon all the assignments of error in detail.

For the errors pointed out, the judgment of the court below will be reversed.

*Reversed and remanded.*