St. Louis Southwestern Railway Company *v.* Wallace.

Opinion delivered April 12, 1909.

1. Carriers—liability for damage to freight on connecting line.—By the common law, a carrier is not bound to assume responsibility for the transportation of property beyond its terminus, but it may do so, in which case its liability will continue throughout the transit, and thus render it liable for any loss, injury or delay on the line of a connecting carrier over which the property is carried. (Page 142.)

2. Same—exemption from liability—effect of contract.—A railroad company can not contract for exemption from liability growing out of its own negligence, or the negligence of its servants, even though not inhibited by statute from making such exemption. (Page 143.)

3. Same—connecting line—liability.—Where a railroad company ran its trains over a portion of the road of another company, pursuant to an agreement that its trains while on such road should be under the

control of the servants of the latter company, it constituted the servants of such company its servants and became liable for their negligence by which property carried by it became damaged. (Page 144.)

4.  Same—presumption of negligence.—Proof that a train was derailed, causing delay and damage to livestock in transit, makes out a *prima facie* case of negligence. (Page 144.)

5.  Same—jurisdiction of state courts.—A State court has jurisdiction at common law of a claim of damages for delay in an interstate shipment of livestock. (Page 144.)

Appeal from Greene Circuit Court; *Frank Smith,* Judge; affirmed.

### STATEMENT BY THE COURT.

On April 1, 1908, the plaintiff, W. A. Wallace, delivered to the defendant, a common carrier of goods, a carload of cattle at Paragould, in the State of Arkansas, to be transported to and delivered at the National Stock Yards in East St. Louis, in the State of Illinois. The plaintiff alleged that the cattle were greatly damaged by reason of the unnecessary and negligent delay on the part of the defendant in the transportation and delivery of the cattle; and he instituted this suit to recover said damages. On the same day the plaintiffs, I. H. Wood and A. D. Grayson, delivered to defendant two carloads of hogs at Paragould, Arkansas, one carload of cattle, to be transported to and delivered at the National Stockyards in East St. Louis, Illinois. And the plaintiff, I. H. Wood, on the same day delivered to the defendant at Paragould, Arkansas, one carload of cattle, to be transported and delivered at the same place. The last-named parties instituted separate and independent suits against the defendant, alleging that the said hogs and cattle were greatly damaged by reason of the unnecessary and negligent delay on the part of the defendant in the transportation and delivery thereof; and in their respective complaints asked for the recovery of their respective damages.

The defendant filed separate answers to the complaints in these three suits. In its answers the defendant admitted that it received and accepted the shipments and had agreed to transport the same from Paragould, Arkansas, to the National Stock Yards in East St. Louis, Illinois. But it alleged that a portion of the route or railroad track, over which the shipments were to

be carried, lay in the State of Illinois, and was not owned by defendant, but that such portion of the track was owned by the St. Louis, Iron Mountain & Southern Railway Company, and that it had an arrangement or contract with said last-named railway company by which it used said track and ran and operated its trains over the same. It alleged that the transportation of said shipments was delayed by reason of the derailment and wreck of a train on that portion of the track and route; and that, inasmuch as the said portion of the track or line was under the supervision of the trainmaster and servants of the St. Louis, Iron Mountain & Southern Railway Company, the negligence by which the shipments were delayed was not caused by the defendant or by its agents and servants; and it further alleged that at the time it undertook and agreed to transport the cattle and hogs the several plaintiffs entered into contracts whereby it was agreed upon valuable consideration that the defendant should not be liable for any loss or damage arising from derailment of trains, or collision of trains, or delay in the delivery of the cattle and hogs, not arising from the negligence of defendant.

Upon the motion of the defendant the three cases were consolidated, and were tried by the court sitting as a jury. In the trial there was an agreed statement of facts by the parties, by which it was agreed that the several plaintiffs sustained damages in the sum of $50 per car to the cattle and hogs by reason of the delay in the transportation of same; that the delay occurred and was occasioned by the derailment of a train or wreck on that portion of the track or line of railroad in the State of Illinois which was owned by the St. Louis, Iron Mountain & Southern Railway Company, and which was under the supervision and direction of the trainmaster and train dispatcher of the latter railway company; that all the damages accruing to the plaintiffs resulted from that delay; that the defendant had an arrangement or contract with the latter railway company by which it operated its own trains and cars over that portion of the route and used that portion of the line of railroad in conjunction with said latter named railway company.

Each shipment was made under a contract by which the defendant agreed to transport and carry the same from Paragould, Arkansas, to said above point in East St. Louis, Illinois;

and the contract also contained the following provision, made upon a valuable consideration:

"It is stipulated that the live stock covered by this contract is not to be transported within any specified time, nor delivered at destination at any particular hour, nor in season for any particular market, and that the parties of the first part are exempted from liability for loss or damage arising from derailment or collision, or other accidents or causes not arising from negligence of the first party."

The defendant asked the following declaration of law, which was refused:

"The court declares the law to be that where a carrier undertakes to transport and deliver live stock to a foreign market, and in the transportation of the stock it has to transport them part of the distance over a leased line of road used in conjunction with the owner of the line, and on the account of the wreck on the leased line, without the fault or negligence of the carrier, the delivery has been delayed ten hours, the carrier is not liable for the damages resulting from such delay."

The court found in favor of the plaintiffs for the respective amounts of damages as agreed on, and rendered judgments accordingly; and from these judgments the defendant now prosecutes this appeal.

*S. H. West* and *J. C. Hawthorne,* for appellant.

1.   The court had no jurisdiction, as this was a suit to recover damages for an interstate shipment of cattle.   Interstate Com. Act, § § 9, 20; 105 Fed. 785; 83 S. W. 362; 204 Sup. Ct. Rep. 426; 167 U. S. 455; 68 S. W. 898; 74 Fed. 981; 152 Fed. 290; 157 *Id.* 845; 165 *Id.* 1.

2.   The stipulation exempts the company from liability, and is waived.   67 Ark. 407; 63 *Id.* 331; 64 *Id.* 115; 63 *Id.* 326.

3.   It was not the fault or negligence of the company. The delay was not the fault of the company.   102 N. Y. 563; 14 Wend. 217; 12 N. Y. 99; L. R. 1 C. P. 365.

*Huddleston & Taylor,* for appellee.

1.   The court had jurisdiction.   Hepburn Act, act June

29, 1906, § 7; 42 U. S. (L. Ed.) 761; 38 *Id.* 311; 24 *Id.* 656; 25 *Id.* 539; 2 Fed Cas. 728; 732; 32 U. S. (L. Ed.) 62.

2. A carrier cannot contract against liability for damages consequent upon its own negligence. 133 N. C. 335; 63 L. R. A. 827. From the agreed statement of facts there is a *prima facie* case of negligence. 29 Cyc. 591; 54 Ark. 209; 57 *Id.* 429; 73 Pac. 164; 21 Atl. 191; 77 Ark. 9; 89 Am. Dec. 307; 85 *Id.* 211.

3. Liability is imposed by § 7 of the Hepburn Act; 89 Ark. 154.

4. Appellant is liable on its common-law obligation. Acts 1907, 557, 620; 28 L. R. A. 718; 40 U. S. (L. Ed.) 1105; 71 N. W. 967; 1 S. W. 327; 22 N. J. L. 381.

Frauenthal, J., (after stating the facts.) The liability of the defendant in this case is determined by the contract of carriage which it made with the plaintiffs and the arrangement which it had for using and running its own trains over that portion of the route on which the delay occurred that caused the damage. By the common law, and independently of any statutory provision or regulation, a common carrier is not bound to assume responsibility for the tranportation of property safely and without unnecessary delay beyond the terminus of its own road and after the property has been turned over to a connecting carrier. But, independently of any statutory liability, a carrier may accept and contract to transport and deliver property beyond the terminus of its own line, so that the liability which it assumes at the beginning of the carriage will continue throughout the transit to the point of delivery and thereby render itself liable for any loss, injury or delay on the line of another carrier over which a part of the transportation is carried. And when such contract is made the subsidiary carrier becomes the agent of the contracting carrier, and the employees and agents of such owner of the connecting line become his servants and employees, for whose negligence and default he becomes liable to the owner of the property. The carrier can thus bind himself to carry to any destination; and, if it is necessary in order to make the carriage that the goods be transported over the line of another, he assumes the responsibility of the employment of all subsidiary carriers and agents, and is liable for their defaults.

1 Hutchinson on Carriers (3d Ed.) § 226; 6 Cyc. 481; *Chicago, etc., Ry. Co.* v. *Woodward,* 164 Ind. 360; *Kansas City, Fort Scott & Memphis Rd. Co.* v. *Washington,* 74 Ark. 9; *Little Rock & Hot Springs Western Rd. Co.* v. *Record,* 74 Ark. 125.

In this case the defendant admits in its answer that it accepted the property and agreed to transport same from Paragould, Arkansas. to East St. Louis, Illinois, and there deliver the same. It thereby entered into a contract whereby it bound itself to carry the goods over the entire route, and it did not concern the plaintiffs as to what agencies or lines it employed to effect the carriage. In making the transportation to the destination, it secured running power for its own trains over the line of another railroad company for a portion of the route. That did not absolve it from liability, although the damage occurred on the portion of the line which was owned and managed by the other railroad company. It employed the agency of such other road, and is liable for its defaults, whether it had any direct control over it or not. As is said in 1 Hutchinson on Carriers (3d Ed.), § 240: "If the contract clearly provides for through carriage, or the facts and circumstances disclose an undertaking to transport the goods to their ultimate destination, all subsidiary carriers employed in the transportation will become the agents of the contracting carrier to effect the performance of the contract, and he can no more stipulate for exemption from liability for the negligent acts or omissions of such agent than he can stipulate for exemption from liability for his own." *Murray* v. *Lehigh Valley Railroad Co.,* 32 L. R. A. 539; *Chicago, R. I. & P. Ry. Co.* v. *Martin,* 59 Kan. 437; 2 Hutchinson on Carriers (3d Ed.) § 915; *Eureka Springs Ry. Co.* v. *Timmons,* 51 Ark. 459.

It is contended by defendant that by the contract it was not liable for loss or damage arising from derailment or other accident or causes not arising from its own negligence. The defendant could not contract for exemption from liability growing out of its own negligence or the negligence of its servants, even though not inhibited from making such exemption by any statutory provision or regulation. *Railroad Co.* v. *Lockwood,* 17 Wall. 357; 1 Hutchinson on Carriers (3d Ed.) § 450; 6 Cyc. 387; *Taylor* v. *Little Rock, M. R. & T. Rd. Co.,* 39 Ark. 148;

*Little Rock, M. R. & T. Ry. Co.* v. *Talbot,* 39 Ark. 523; *St. Louis, I. M. & S. Ry. Co.* v. *Lesser,* 46 Ark. 236.

When the defendant runs its trains over a portion of the road of another company pursuant to an agreement that its trains while on such road should be under the control and direction of the servants of the lessor company, it constituted the employees of such company its own agents and servants over such portion of the road, and became liable for their negligence by which the property carried by the defendant became damaged.

In the above case of *Murray* v. *Lehigh Valley Railroad Co.,* 32 L. R. A. 539, it was held that if one railroad company runs its trains over a portion of the road of another company pursuant to a contract providing that its trains while on such portion of the line should be under the control and direction of the servants of the lessor company, such servants become the agents of the lessee company, and it will be liable for any injury to a passenger carried by it, caused on said portion of the route by the negligent act of such servants, as though they were its own employees. And this applies equally to the carriage of goods.

Now, the derailment of the train and the wreck, by which the transportation of this property was so delayed that it caused the damage, made out a *prima facie* case of negligence against the defendant, which has not been overcome. *Railway Company* v. *Mitchell,* 57 Ark. 418; *St. Louis, I. M. & S. Ry. Co.* v. *Sandidge,* 85 Ark. 589. It follows, therefore, that the lower court was not in error in refusing the instruction asked by the defendant, and that its finding herein is sustained by the evidence, and its judgment by the law. The rights of the plainitffs in this case are determined by the common-law liability of the defendant under the contract which it entered into herein for a through transportation and carriage of the property to the point of destination; and they are not dependent upon the provisions of the act of Congress, commonly known as the "Hepburn Act," approved June 29, 1906, amendatory of the Interstate Commerce Act, approved February 4, 1887; and it is not necessary, therefore, in this case to pass upon the provisions of that act.

It is urged by the defendant that the State court has not

jurisdiction over this cause of action because the shipment was an interstate shipment.   We do not think that there is any merit in this contention.   We presume that it bases this contention on the provisions of the act of Congress entitled, "An Act to regulate Commerce," approved February 4, 1887, as amended by what is commonly known as the "Hepburn Act," approved June 29, 1906.   But, as before stated, the cause of action in this case is not necessarily founded upon the rights created or given by that act.   The question of the liability of the initial carrier for the negligence of the connecting carrier is not involved in this case; and it is not necessary, therefore, in this case to pass upon the question as to whether the State courts have jurisdiction to enforce such rights.

The judgment is therefore affirmed .