## Scott v. Cincinnati, New Orleans & Texas Pacific Railway Company.

(Decided June 14, 1918.)

## Appeal from Boone Circuit Court.

Railroads—Duty to Keep Premises in Safe Condition.—Two rail-road companies using the same station facilities are both under the duty of keeping the premises in a safe condition and free from obstructions or dangerous instrumentalities; and each company is liable to its own passengers for injuries caused by the negligence of the other company.

O. M. ROGERS for appellant.

J. M. LASSING, N. E. RIDDELL and GALVIN & GALVIN for appellee.

RESPONSE TO PETITION FOR REHEARING BY JUDGE MILLER—Granting rehearing, and reversing.

The opinion in this case, reported in 178 Ky., 800, fully and accurately stated the substance of the petition, as follows:

"On November 12, 1915, plaintiff purchased from defendant's agent at Erlanger, Ky., a ticket entitling him to transportation from Erlanger to Cincinnati and return. He was carried on one of defendant's passenger trains to Cincinnati, where he spent the day. In the afternoon he went to the Eighth street depot, in Cincinnati, to board one of defendant's passenger trains for the purpose of returning to Erlanger. Said depot was a regular stopping place for said train. While plaintiff was standing on the platform the train stopped in front of the depot for the purpose of receiving and discharging passengers. Between the platform and the third track on which the train stopped, were two other tracks on which the defendant and other railroad companies, including the Baltimore, Ohio & Southwestern Railway Company, then operated passenger and freight trains. To reach defendant's train it was necessary for plaintiff to cross the two intervening tracks. While plaintiff was crossing one of said tracks, the Baltimore, Ohio & Southwestern Railway Company negligently caused one of its trains to move thereon and strike and injure plaintiff, thus rendering the approach to defendant's

train dangerous and unsafe. His injuries were the proximate result of the defendant's negligence in failing to provide him with a safe approach to its train and the concurrent negligence of the Baltimore, Ohio & Southwestern Railway Company in moving its train over said track at said time and place.''

Upon the original hearing this court affirmed the judgment of the circuit court, which sustained a demurrer to the petition, upon the theory that the petition was defective because it failed to allege either that the depot and tracks were owned or controlled by the defendant and that the Baltimore, Ohio & Southwestern Railway Company used them under a lease or other contract with the defendant, or that the movement of the Baltimore, Ohio & Southwestern Railway Company's train was subject to the direct orders of the defendant or was controlled by rules and regulations prescribed by the defendant. In other words, the effect of the opinion was that the defendant could not be held liable for an injury due solely to the negligence of the Baltimore, Ohio & Southwestern Railway Company.

Upon a reconsideration of the question, we have reached the conclusion that the petition stated a cause of action against the defendant which was using the same station facilities jointly with the Baltimore, Ohio & Southwestern Railway Company. The opinion erroneously assumed that the Baltimore, Ohio & Southwestern Railway Company alone was negligent.

The rule in such cases is stated as follows in 10 C. J., p. 882:

''Two or more companies using the same station facilities are all under the duty of keeping the premises in a safe condition and free from obstruction or dangerous instrumentalities. One of such companies is under the same duty as to passengers using the premises in connection with the other roads that it owes to its own passengers, and is bound to operate its train with the same due regard for their safety; and such a company is liable to its own passengers for injuries caused by the negligence of the other company. A carrier using a union depot is liable for a negligent failure to keep it or the approaches thereto in a safe condition, although the premises are under the control of a receiver of the depot company.''

See also 10 C. J., p. 880, sec. 1316.

The rule is stated in 4 R. C. L., p. 1252, as follows:

"Where a carrier so operates its trains at a station that a passenger is impliedly invited to cross an intervening track in going to or leaving his train, he is chargeable only with the exercise of reasonable care to avoid danger, and is not necessarily guilty of contributory negligence in failing to stop, look and listen for an approaching train before crossing such track. He has the right to assume that the company will discharge its duty in making the way safe, and, relying on this assumption, may neglect precautions that are ordinarily imposed upon a person. When a railroad company stops a passenger train where other tracks are between it and the depot platform, the rights of people having business with such train, and the duty of the company toward them, are the same as if all the intervening space between the depot and the train constituted the platform, and it is negligence on its part to allow another train to run between the passenger train and the station at which the passengers are being taken on or discharged."

This rule is but an application of the general principle that a carrier of passengers must exercise the highest degree of care in furnishing its passengers a safe approach to its trains, and of keeping its depot premises in a safe condition and free from obstructions and dangerous instrumentalities. This duty requires the carrier to protect its passengers not only from the negligence or misconduct of its own agents and servants, but also from the negligence or misconduct of other passengers, and of persons who are not passengers. Brooks v. Old Colony R. Co., 168 Mass. 165.

The fact that the dangerous instrumentality was the moving train of another company using the same station does not alter the rule or its application, and the fact that the defendant did not control the movement of the train which constituted the dangerous instrumentality, either by lease or otherwise, cannot relieve the defendant from this duty. The negligence consisted in the defendant's placing its passenger in a dangerous position when its duty required it to place him in a safe position.

Neither can a carrier delegate to another the duty of seeing that the means of egress from its terminal grounds are reasonably safe. Cotant v. Boone Suburban R. Co., 125 Iowa, 46, 69 L. R. A. 982; Johnson v. Florida East Coast Ry. Co., 66 Fla. 415, 50 L. R, A. (N. S.) 561; Ann. Cas. 1916C 1210. These principles may be said to be thoroughly established by the courts of many states.

In Kuhlein v. Boston & Northern Street Ry. Co., 193 Mass. 341, 7 L. R. A. (N. S.) 729, 118 A. S. R. 516, a passenger on a subway train was injured in a rush of passengers to enter the defendant's car. The defendant attempted to avoid liability by showing that the subway and its station were built by the Boston Transit Commission and owned by the city of Boston; that its occupation thereof was under a written contract with the Boston Elevated Railway Company, which it offered in evidence; and that the last named company had the entire management, charge and control of the subway, its stations and platforms. In rejecting this proof, as immaterial, the court said:

"The general principle has been established that one who, though not strictly in control of a defective thing or dangerous place, yet uses it for his own benefit, and for his own purposes invites another to enter it, may, if the other elements of liability concur, be held responsible to the latter for an injury caused by the defect or danger."

To the same effect see McElroy v. Nashua & L. R. Corp. 4 Cush. 400, 50 Am. Dec. 794; Frazier v. New York &c. R. Co., 180 Mass. 427; Union Depot & Ry. Co. v. Londoner, 50 Colo. 22, 33 L. R. A. (N. S.) 433; Chicago &c. R. Co. v. Gates, 162 Ill. 98; Herrman v. Great Northern R. Co., 27 Wash. 472, 57 L. R. A. 390; L. N. A. & C. R. Co. v. Lucas, 119 Ind. 583, 6 L. R. A. 193; Murray v. Lehigh Valley R. R Co. 66 Conn. 512, 32 L. R. A. 539; Great Falls & O. D. R. Co. v. Hill, 34 App. D. C. 312; Atchison, Topeka & S. F. R. Co. v. McElroy, 76 Kans. 271, 123 A. S. R. 134, 13 L. R. A. (N. S.) 620; Phil., W. & B. R. Co. v. Anderson, 72 Md. 519, 20 A. S. R. 483, 8 L. R. A. 673; Tubbs v. Michigan Central R. Co., 107 Mich. 108, 61 A. S. R. 320; Besecker v. Del. R. Co., 220 Pa. St. 507, 123 A. S. R. 714, 14 Ann. Cas. 21; Leveret v. Shreveport Belt R. Co.,

110 La. 399; Brady v. Chicago & G. W. R. Co. 114 Fed. 100, 52 C. C. A. 48, 57 L. R. A. 712.

Rehearing granted, and judgment reversed with in-. structions to overrule the demurrer to the petition.