B. C. MADILL and A. W. MILLER, Copartners Doing
    Business Under the Firm Name and Style of LAVA
    MERCANTILE COMPANY, Respondents, v. SPO-
    KANE CATTLE LOAN COMPANY, a Corporation,
    Appellant.

[230 Pac. 45.]

AGENCY — AUTHORITY OF AGENT — EXPRESS AND IMPLIED — PRINCIPAL
    ESTOPPED TO DENY.

1. Where a foreign corporation engaged in making loans upon
bands of sheep which are being run upon the public range in this
state has an agent within the state whose authority was to inspect
and renew such loans, such agent has implied authority to bind
his principal upon a contract for supplies furnished to an outfit
upon which the company had a mortgage to the full value of the
sheep.

2. A principal will not be permitted to claim that its agent
acted beyond his authority where such acts were within the ap-
parent scope of the agent's authority and the obligations incurred
were for the benefit and protection of its interests.

APPEAL from the District Court of the Fifth Judicial
District, for Bannock County. Hon. O. R. Baum, Judge.

Action on contract. From judgment for plaintiffs, de-
fendant appeals. *Affirmed.*

G. D. McClintock, for Appellant.

A party who avails himself of the act of an agent must
bear the burden of proof that agency exists and that the
contract relied upon was within the scope of the agent's
authority. (*American Car & Foundry Co. v. Alexandria
Water Co.*, 221 Pa. St. 529, 128 Am. St. 749, 70 Atl. 847;
*Dispatch Printing Co. v. National Bank of Commerce*, 109
Minn. 440, 124 N. W. 236, 50 L. R. A., N. S., 74; *Pullman
Co. v. Meyer*, 195 Ala. 397, 70 So. 763; *O'Daniel v. Streeby*,
77 Wash. 414, 137 Pac. 1025, L. R. A. 1915F, 635; *Dodds v.*

*Maryland Casualty Co.*, 166 Ky. 70, 178 S. W. 1134; *John Stember Co. v. Keene* (Tex. Civ.), 152 S. W. 661; *Beal v. Adams Express Co.*, 13 Pa. Sup. Ct. 143; *T. H. Baker & Co. v. Kellett-Chatham Mach. Co.* (Tex. Civ.), 84 S. W. 661.)

To authorize an inference of implied authority in an agent it must appear that the thing done or the transaction made was necessary in order to promote the duty or carry out the purpose expressly designated to him. (*United States Bedding Co. v. Andre*, 105 Ark. 111, Ann. Cas. 1914D, 800, 150 S. W. 413, 41 L. R. A., N. S., 1019; *Powell & Powell v. King Lumber Co.*, 168 N. C. 632, 84 S. E. 1032; *Ricker Nat. Bank v. Stone*, 21 Okl. 833, 97 Pac. 577; *Miner v. Edison Elec. Illumination Co.*, 22 Misc. 543, 50 N. Y. Supp. 218.)

One who deals with an agent, by the mere fact that he is dealing with an agent, is put upon notice to ascertain the nature and extent of the agent's authority. If he deals with him without doing so, he does so at his peril. (*Brutinel v. Nygren*, 17 Ariz. 491, 154 Pac. 1042; *Woodworth v. School Dist. No. 2*, 92 Wash. 456, 159 Pac. 757.)

The apparent authority of an agent is to be implied by the acts of the principal and not by the acts of the agents. (*Wierman v. Bay City-Michigan Sugar Co.*, 142 Mich. 422, 106 N. W. 75; *Paul Armstrong Co. v. Majestic Motion Picture Co.*, 87 Misc. 141, 149 N. Y. Supp. 1039; *Halladay v. Underwood*, 90 Ill. App. 130; *Fike v. Ott*, 76 Neb. 439, 107 N. W. 774.)

The payment of drafts by the principal is not competent evidence to support a claim of agency. (*Cupples v. Stanfield*, 35 Ida. 466, 207 Pac. 326.)

Peterson & Coffin and Chas. H. Darling, for Respondent.

The evidence is amply sufficient to sustain the verdict. (*Trainer v. Morrison*, 78 Me. 160, 57 Am. Rep. 790, 3 Atl. 185; *Sharp v. Knox*, 48 Mo. App. 169; *Oak Leaf Mill Co. v. Cooper*, 103 Ark. 79, 146 S. W. 130; *Austrian & Co. v. Springer*, 94 Mich. 343, 34 Am. St. 350, 54 N. W. 50; *Hillyard v. Hewitt*, 61 Or. 58, 120 Pac. 750; *Midland Sav. & Loan*

*Co. v. Sutton*, 30 Okl. 448, 120 Pac. 1007; 2 C. J. 461, 917, 933, 941, 942; *Arthur v. Gard*, 3 Colo. App. 133, 32 Pac. 343; *Waniorek v. United Railroads of San Francisco*, 17 Cal. App. 121, 118 Pac. 947; *Brutinel v. Nygren*, 17 Ariz. 491, 154 Pac. 1042; *Union Gold Min. Co. v. Rocky Mtn. Nat. Bank*, 2 Colo. 248; 1 Mechem on Agency, p. 246; *Triller v. Sadle*, 92 Neb. 579, 138 N. W. 728; *Blood v. La Serena etc. Water Co.*, 113 Cal. 221, 41 Pac. 1017, 45 Pac. 252; *Severs v. Cleveland Coal Co.*, 158 Iowa, 574, Ann. Cas. 1915D, 188, 138 N. W. 793; *Powell-Sanders Co. v. Carssow*, 28 Ida. 201, 152 Pac. 1067.)

WILLIAM A. LEE, J.—Respondents, who were copartners and doing a general mercantile business at Lava Hot Springs brought this action against appellant, a foreign corporation, to recover a balance of $231.25 for merchandise sold and delivered to a sheep outfit operating under the name of Jensen & Keane. In the summer of 1921 appellant had a mortgage on these sheep that were being run upon the public range in the vicinity of Lava Hot Springs. One of the herders, Nick Vial, applied to respondents to obtain food and other supplies for the camp outfit. Miller, one of the respondents, communicated by telephone with V. G. Stambaugh, a representative of appellant at Pocatello, and asked him if the Spokane Cattle Loan Company was furnishing supplies to Jensen & Keane, and Stambaugh advised Miller that the company was furnishing supplies to this outfit and that when they needed supplies Miller should have Jensen O. K. the slips and draw a draft upon the Spokane Cattle Loan Company for the amount. It further appears that respondents after receiving this information from Stambaugh began furnishing the outfit with supplies and continued to do so until the sheep were taken over by appellant early in September. Drafts were drawn from time to time upon appellant for the purchase price of this merchandise and were honored until shortly prior to August, when appellant refused to pay a draft drawn in this manner. Madill, one of the respondents, took the protested draft together

with the sales tickets covering the amount of the draft to Stambaugh and was told by him that the office at Spokane had changed the plan some and were requiring his signature to be attached to the draft as his O. K. before it would be paid. Thereafter Stambaugh attached his signature to the drafts and they were paid, except the one for supplies furnished between August 19 and September 20, 1921, in the amount of $387.60, which was dishonored and subsequently paid to the extent of $156.35, leaving a balance of $231.25, the basis for recovery in this action. Appellant paid the draft for supplies furnished after September 6th, when it took over the sheep under its mortgage, but refused to pay that part of the obligation which was for supplies furnished after August 19th and prior to its taking over the sheep. The supplies for the payment of which this action was instituted were furnished by respondents to the outfit operated under the name of Jensen & Keane who held the legal title to the sheep and were insolvent, or as stated by one of the witnesses, were broke, and were unable to further finance the running of these sheep upon the public range. Appellant, by virtue of its mortgage, held all the beneficial interest to the full value of these sheep, and running of them on the range during the months of June, July and August and until they were turned over to appellant mortgagee was for the benefit of appellant, and apparently at its request.

By way of defense appellant seeks to show that Stambaugh's authority as an agent to act for it was limited to that of being an inspector of loans and did not authorize him to pledge the credit of appellant for expenses incurred in connection with caring for its various herds being operated in a manner similar to this one. It further appears that there were some forty outfits of this character that Stambaugh was authorized to look after and he appears to have been the sole representative of appellant in that part of the state.

It is a matter of common knowledge that about this time there was a rapid decline in the value of this class of secu-

rities and it was not an uncommon practice for mortgagees holding this class of obligations to arrange with the owners of the legal titles to continue in possession of the mortgaged property and continue to run their herds upon the public range for the benefit of the holders of the mortgage. This often resulted in a benefit to both parties, but the owners of the legal titles being insolvent and without credit, were unable to finance these operations without the assistance of the mortgagee, which was frequently extended for the benefit and protection of both parties to the transaction.

An agency, either general or special, cannot be established by the representations of one claiming to be such agent, and ordinarily those who deal with an agent are bound by the limitations of his agency, where he acts beyond and without the apparent scope of his authority. However, agency and the scope of the authority of the agent may be shown by the attendant circumstances, and after a careful consideration of the entire record in this case and considering all of the facts and circumstances that were submitted to the jury under instructions, to which no objection has been taken, we are unable to see how a jury could have arrived at any other conclusion than that it was the intention and purpose of appellant to extend to this outfit such financial aid as was necessary in order to care for these sheep that were being herded upon the public range during the months of June, July and August and until they were surrendered to appellant early in September, 1921. Respondents were not in any manner interested in the transactions between the mortgagors and mortgagee. The mortgagors were unable to meet these expenses and had appellant refused to do so it would have been forced to take immediate possession of the mortgaged property at the time application was made to its representative, Stambaugh, at Pocatello, for authority to extend this credit. The fact that appellant honored drafts drawn on it for these expenses during this time and made it a condition that the sales slips for supplies so furnished should be submitted to its representative, Stambaugh, and his approval of the draft in payment therefor, we think

sufficiently establishes his authority to do so, and appellant should not now be permitted to defeat recovery for the purchase price of these supplies so furnished by testimony that this was not within the scope of his authority as its agent. It is a correct rule of the law of agency that a principal may not deny the authority of one who represents himself as the principal's agent where such principal has by its own acts given those who dealt with such agent reason to believe that the agent had authority to bind his principal. This rule is particularly applicable where the obligations incurred by the agent were for the benefit and protection of the interests of the principal.

The judgment of the district court is affirmed, with costs to respondents.

McCarthy, C. J., and Budge, Dunn and Wm. E. Lee, JJ., concur.