270 P.2d 1016

CLARK v. TARR et al.

No. 8127.

Supreme Court of Idaho.

May 13, 1954.

A. A. Merrill, Idaho Falls, for appellant.

Bistline & Bistline, Pocatello, for J. E. Tarr, Jr.

Robert M. Terrell, Pocatello, for Herbert Fell, Jr.

GIVENS, Justice.

A general demurrer to appellant's second amended complaint was sustained and consequent judgment of dismissal entered, on the theory the complaint did not state a cause of action because no negligence of the bus driver in making the transfer delineated in the complaint could proximately cause appellant's injury; and lack of authority of the driver to bind his principal in the transaction narrated.

The salient allegations of the complaint, perforce admitted by the general demurrer, are:

That September 10, 1953 appellant was a pay passenger in one of respondent Company's buses which stopped because of a flat tire; the driver then and there acting within the scope of his apparent authority, being the agent, servant and employee of respondent Transit Company, engaged Herbert Fell, Jr., to take appellant to her destination; and pursuant to said arrangement—the exact terms of which were unknown to appellant—respondent Company's driver, against appellant's will and without her consent, transferred her to Fell's automobile; that Fell negligently and carelessly drove and operated his automobile by driving it at an excessive rate of speed and by failing to stop at the intersection of Ash Street and North Water Avenue in Idaho Falls, thus negligently collided with an automobile belonging to Harry Kercher, likewise driven at an excessive rate of speed by Don Mecham, who also failed to stop; that as a direct result of such accident, appellant received severe and lasting injuries to her head and body, detailed in the complaint, for which she asked general and special damages; that respondent Company through its servant and agent, the driver, without authority or consent of appellant, took her from a place of safety in the bus and placed her in the Fell automobile and by its carelessness and negligence in transferring appellant from the bus to Fell's automobile, Fell's operation of his automobile, together with Mecham's operation of Kercher's automobile, all proximately caused appellant's injuries.

The question of proximate cause under the above allegations was a question of fact and for determination by a jury under appropriate instructions, Stearns v. Graves, 62 Idaho 312, 111 P.2d 882. There may be several tort-feasors whose actions

enter into the chain of causation resulting in the ultimate injury and liability may attach to one or all as contributing to the proximate cause. The complaint was not deficient in this respect. Burns v. Getty, 53 Idaho 347, 24 P.2d 31; Burkland v. Oregon Short Line R. Co., 56 Idaho 703, 58 P. 2d 773; Valles v. Union Pac. R. Co., 72 Idaho 231, at pages 238–239, 238 P.2d 1154; 65 C.J.S., Negligence, § 110, pages 675–684.

■ Under the allegations of the complaint, respondent Tarr, Jr., d/b/a Idaho Falls Transit Company, operating a general bus business in Idaho Falls, was a common carrier, 60 C.J.S., Motor Vehicles, § 5, page 114, and as such required to exercise the highest degree of care, skill and diligence in receiving appellant and conveying her to her destination and setting her down as safely as the means of conveyance and circumstances permit. 13 C.J.S., Carriers, § 677, page 1254.

Respondent Company, by accepting and receiving appellant as a paying passenger, undertook to transport her under the above standard of care to her destination. 13 C. J.S., Carriers, § 640, page 1201; 10 Am.Jur. 24, § 950.

The allegation in the complaint that the Transit Company's driver, in securing the services of Fell and transferring appellant, was acting within the apparent scope of his employment was sufficient to charge the Company with responsibility therefor. Madill v. Spokane Cattle Loan Co., 39

Idaho 754, 230 P. 45; Bevercombe v. Denney & Co., 40 Idaho 34, 231 P. 427; Curtis v. Siebrand Bros. Circus & Carnival Co., 68 Idaho 285, at page 303(10, 11), 194 P.2d 281; cf. Chamberlain v. Amalgamated Sugar Co., 42 Idaho 604, 247 P. 12.

The demurrer thus admits respondent's agent, acting within the apparent scope of his employment, secured a substitute conveyance to fulfill respondent Company's obligation to appellant as a paying passenger to convey her to her destination, and against her will and without her consent, placed appellant in this substitute conveyance and because of this transfer and the negligence of the driver of this substitute conveyance and the negligence of the driver of another automobile, she was injured.

The basis of respondent Transit Company's obligation and liability stems from the contract of transportation which arose when it accepted appellant as a pay passenger and which was to transport her carefully, with appropriate caution and circumspection and without negligence, to her downtown destination.

■ This obligation was continued when respondent Company's employee allegedly acting within the scope of his employment, because of the flat-tire and consequent interruption of the immediate-continuance of appellant's trip in respondent Company's conveyance and hence delay, secured a substitute conveyance, and not only tendered appellant this substitute conveyance as a

means secured by respondent Company through its agent for the completion of her journey and fulfillment of respondent Company's obligation, but against appellant's will and without her consent, the respondent Company, through its agent, ejected her from respondent's bus, itself initial negligence, wrongful ejection from a common carrier being actionable, Lindsay v. Oregon, etc., R. Co., 13 Idaho 477, 90 P. 984, 12 L.R.A.,N.S., 184, in the alleged ensuing chain of events culminating in the accident and appellant's injury; and also against her will and without her consent, put her on the substituted conveyance.

■ Respondent's obligation to exercise the high degree of care required and liability for negligence continued because by the automobile driven by Fell, respondent Company was carrying out its contract of transportation, though by a conveyance not owned or operated by it, but for its purpose in completing and executing its contract. Thus, the automobile was vicariously employed by it and, for the alleged negligent operation thereof, was as liable as for its own conveyance. Dunn v. Pennsylvania R. Co., 71 N.J.L. 21, 58 A. 164; New York, N. H. & H. R. Co. v. Baker, 2 Cir., 98 F. 694, at page 697, 50 L.R.A. 201; Brady v. Chicago & G. W. Ry. Co., 7 Cir., 114 F. 100, at page 103, 57 L.R.A. 712; Floody v. Great Northern Ry. Co., 102 Minn. 81, 112 N.W. 875, at page 877, 1081, 13 L.R.A.,N.S., 1196; Floody v. Chicago, St. P., M. & O. Ry. Co., 109 Minn. 228, 123 N.W. 815, at page 819;

St. Louis Southwestern Ry. Co. v. Wallace, 90 Ark. 138, 118 S.W. 412, at page 414, 22 L.R.A.,N.S., 379; Scott v. Cincinnati, N. O. & T. P. Ry. Co., 181 Ky. 128, 203 S.W. 1064, at page 1065; Murray v. Lehigh Valley R. Co., 66 Conn. 512, 34 A. 506, 32 L.R.A. 539.

There was no allegation of any injury because of delay and delay as such is not involved in the case.

Payne v. Simmons, 201 Ky. 33, 255 S.W. 863, 33 A.L.R. 814, in its discussion and recognition of the rights of a passenger where a detour became necessary, distinguishing voluntary act by the passenger which contributed to the injury, differentiates that case from the one herein and together with the annotation thereto, in effect, support the principle recognized herein.

The only two cases cited by respondents approaching the question are: Paducah Traction Co. v. Weitlauf, 176 Ky. 82, 195 S.W. 99, L.R.A.1917F, 353, where the passenger was injured while walking on a trestle not supplied by defendant carrier nor did the carrier require her to use it; likewise, Houston, E. & W. T. Railway Company v. Rogers, 16 Tex.Civ.App. 19, 40 S.W. 201, 202, wherein the court rested non-liability on "that the plaintiff voluntarily left the train", and walked to a farm house, the train being delayed, and then continued the journey not by any means furnished by the carrier.

256

■ The complaint stated a cause of action and the general demurrer should not have been sustained. The judgment of dismissal is, therefore, reversed and the cause remanded with instructions to overrule the general demurrer, reinstate the second amended complaint and proceed accordingly. Costs awarded to appellant.

PORTER, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.