283 P.2d 942

**Fanny CLARK, Plaintiff-Respondent,**

**v.**

**J. E. TARR, Jr., d/b/a Idaho Falls Transit Company, Defendant-Appellant.**

No. 8241.

Supreme Court of Idaho.

May 10, 1955.

Robert M. Terrell, Pocatello, for defendant Fell.

A. A. Merrill, Idaho Falls, for respondent.

Bistline & Bistline, Pocatello, for appellant.

ANDERSON, Justice.

This action was before us previously on appeal from an order sustaining a demurrer to plaintiff's complaint. Clark v. Tarr, 75 Idaho 251, 270 P.2d 1016.

September 18, 1953, about 3:30 p. m., Mrs. Fanny Clark, plaintiff-respondent, was a pay passenger on one of the buses operated by defendant-appellant, J. E. Tarr, Jr., going from her home in the residential area to the business district of Idaho Falls. Shortly after boarding the bus, the driver, Robert F. Remoir, stopped it on account of a flat tire. Several school children who were passengers in the bus got out, leaving only respondent and Albert C. Kelly as passengers. The bus driver stated he would have to telephone the garage and get another bus. Mrs. Clark asked him if the bus would get to town by four o'clock as she had an appointment at that hour and the driver stated it would not. Mr. Kelly also stated he had a four o'clock appointment. They then talked about finding a telephone so the driver could call for another bus.

While the driver and passengers were sitting in the bus looking about for a house with telephone wires running to it, defendant Herbert Fell, Jr., approached and the driver stuck his hand out of the bus window and stopped Mr. Fell. The bus driver told him he was "broke down" and asked him if he would take the two passengers to town. There is a conflict in the evidence as to whether Mrs. Clark asked the driver to do this, but upon Fell agreeing to do so, Mrs. Clark and Mr. Kelly got out of the bus and into the Fell car and proceeded toward the business district of Idaho Falls. Both stated they were glad to get a ride as each had an appointment. They had traveled approximately a mile when there was a collision at the intersection of Ash Street and North Water Avenue with a car driven by Donald H. Mecham and owned by Jerry Kercher.

The evidence is conflicting relative to Fell's driving. Fell testified that about the middle of the block before the accident, he had slowed down to practically a complete stop and put his car in low gear in order to avoid hitting an elderly man taking trash to a burner. He stated he proceeded in low gear at fifteen miles per hour to the point of impact; that prior to entering the intersection, he observed the car driven by Mecham about a quarter of a block from the intersection.

Mecham testified that he never saw the Fell car until the collision and that he, Mecham, was going through the intersec-

tion at about 25 miles per hour, looking to his left. He stated he was in the intersection before Fell.

Mrs. Clark testified that Fell drove very fast and over fifteen miles per hour, but she could not fix his exact speed, and said his speed frightened her, although she made no protest. She stated she did not notice Fell slow down for a man carrying trash.

The evidence and exhibits disclose that the front bumper of the Fell car struck the Kercher car about at right angles and in its center on the righthand side; that the Kercher car traveled sideways for forty feet before it came to rest and that the Fell car stayed in approximately the same position, with respect to the other car, as when the collision occurred and the bumper of Fell's car remained in the right side of the Kercher car when they stopped.

The collision caused injuries to Mrs. Clark's head and body, which are the basis of this case, she contending the bus driver, acting within the apparent scope of his authority, stopped the Fell car and engaged Fell to take the bus passengers into town and that she was wrongfully transferred from the bus to Fell's automobile without her permission and against her will and consent. These matters, other than her being injured, were denied by appellant.

The evidence is uncontradicted that no remuneration or compensation was paid by anyone to Fell, nor was any offered.

At the close of respondent's evidence, appellant Tarr moved for nonsuit on the ground the evidence was insufficient to support the allegations of the complaint, the claimed insufficiency being that the evidence failed to prove the bus driver had actual or apparent authority to employ or use other vehicles than the bus to transport respondent, but that on the contrary the evidence discloses in case of mechanical trouble with a bus, the driver's only authority was to telephone for another bus.

The motion was based also upon the ground there was no evidence respondent was transferred wrongfully from the bus to the automobile of Fell, or that it was done without her permission. The motion was denied.

After both parties rested, appellant Tarr moved for a directed verdict on the same grounds as the motion for nonsuit. This motion was denied also.

The case was submitted to a jury and a verdict for $1,500 general damages and $470.15 special damages was rendered in favor of respondent Clark and against appellant Tarr only. The verdict released defendant Fell from any liability. Motions for a new trial and judgment notwithstanding the verdict were made and overruled and this appeal is from the judgment on the verdict, as well as from the order denying the motions.

█ Motion to dismiss appeal was made upon the ground the Supreme Court has no jurisdiction, because Herbert Fell, Jr., is an adverse party and no service was made

upon him of the necessary instruments and papers relative to this appeal; that in the notice of appeal, appellant states that the plaintiff (Fanny Clark) appeals, etc., when in fact she is the respondent and is not appealing. The motion was heard at the time of the argument on the merits and was taken under advisement. Clearly the last ground mentioned was a clerical error or an accidental interchange of the word "plaintiff" for "defendant" in that part of the notice of appeal from the order denying motion for new trial and judgment notwithstanding the verdict. The pertinent part of said notice reads:

"* * * please take notice that the defendant, J. E. Tarr, Jr., hereby appeals from that certain judgment made and entered herein upon the verdict of the jury in the above entitled case on July 20, 1954, and that plaintiff also appeals from that certain order, * * *."

It clearly appears from this notice that appellant Tarr is taking this appeal and respondent Clark or defendant Fell could not be mislead or prejudiced by such error. To refuse to determine this case upon the merits by reason of this technicality, would give such a technical objection force and effect far beyond all reasonable grounds. Lewis v. Lambros, 65 Mont. 366, 211 P. 212; 4 C.J.S., Appeal and Error, § 593 f, p. 1061.

The other grounds relative to Fell being an adverse party and appellant failing to serve him with appeal papers (other than the notice of appeal), we believe also are not well taken. A verdict was returned against Tarr and in favor of Fell, although no judgment was entered for Fell based thereon. A separate and several judgment was entered against Tarr alone. No appeal was taken by anyone against Fell, so no action adverse to his interest could be taken by this Court, without Fell having an opportunity to be heard. In the case of Finlayson v. Humphreys, 67 Idaho 193, at page 195, 174 P.2d 210, 211, this Court stated:

"In Sonleitner v. McLaren, 52 Idaho 791, 793, 20 P.2d 1014, adverse party is defined as:

"'An adverse party, within the meaning of this section, is any party to the action or proceeding whose interests *might* be prejudicially affected by reversal or modification of the judgment or order appealed from. * *'"

See also McClain v. Lewiston Interstate, etc., Ass'n, 17 Idaho 63, 104 P. 1015, 25 L.R.A.,N.S., 691; Aulbach v. Dahler, 4 Idaho 522, 43 P. 192.

In the case of Sherman v. Nixon, 36 Idaho 195, 197, 209 P. 886, the Court stated:

"The 'adverse party' referred to by the statute means one who is shown by the record on appeal to be such adverse party. It is necessary to serve only the parties, who from the record of the proceedings in which the appeal is taken appear to be adverse. (Cases cited.) It cannot be shown by affida-

vits outside of this record. (Cases cited.)"

Fell was not an adverse party under the above authorities or within the meaning of Section 13-202, I.C., above referred to; therefore, service of the appeal papers was not necessary upon him. The motion to dismiss the appeal is, therefore, *denied.*

Appellant appealed from the judgment on the verdict, from the order denying his motion for a new trial, and denying his motion for judgment notwithstanding the verdict.

Appellant contends there is no evidence in the record to support the allegation that respondent was wrongfully transferred from the bus to Fell's automobile without her permission and against her will and consent. The evidence in this respect is conflicting, the bus driver testifying one way and respondent the other. The transcript of part of her testimony on this matter reads as follows:

"The Court: Well, just tell us what happened, not the legal consequences of what happened. A. He took me out of the bus, or called me out then, and told me to get in this car, is all I can say.

"The Court: All right.

"Q. (By Mr. Merrill) Now then, did he do that with your permission, or without your permission? A. He did it without my permission.

"Q. (By Mr. Merrill) And did you want to stay in the bus? A. Well, that's what I wanted to do, yes. I paid my fare and got in, and wanted to stay."

It was for the jury to determine the facts.

Appellant also contends there is no evidence to show the driver of the bus was acting within his authority or apparent scope of his authority in transferring respondent to the automobile driven by Fell.

In the case of Caddo Transfer & Warehouse Co. v. Perry, 174 Ark. 1030, 298 S.W. 337, 339, a passenger named Nash bought a ticket from El Dorado, Arkansas, to Camden, Arkansas, and rode the bus as far as Smackover, Arkansas, when he was informed by the driver that the bus would not continue to his destination and a refund of his money was tendered him, which he declined. The person in charge of the bus depot at Smackover procured a private car for Nash to complete his journey and Perry, another passenger accompanied him. A collision occurred with a truck and trailer and Perry was injured. He brought suit against the bus company and the Court, in speaking of the man in charge of the station at Smackover, said:

"This man finally procured a Ford touring car and sent Nash on in it to Camden. He also took a fare from Perry from Smackover to Camden and told him to get in the car. From this evidence the jury might have legally inferred that the man in charge

of the station at Smackover where the defendant loaded and unloaded its passengers was the agent of the defendant and had the authority, or at least the apparent authority, to arrange to carry Nash and the plaintiff from Smackover to Camden. He was in charge of the defendant's business and had at least the apparent authority to act for it in the premises. Hence we are of the opinion that the jury had a right to find that the plaintiff was riding in a car of the defendant as a passenger at the time he was injured. He had paid his fare to one who was in charge of the defendant's business at its Smackover station."

South Plains Coaches v. Box, Tex.Civ. App., 111 S.W.2d 1151, 1153, was a case where a bus passenger, Mrs. Box, was transferred by the driver, when the bus developed some minor mechanical trouble, to a Ford pick-up in which the driver of the bus arranged for her to ride to the next bus station where she could await the arrival of the bus. In compliance with the driver's request, she left the bus and got into the pick-up and soon thereafter discovered the driver of the pick-up was drunk. He assaulted her and forcibly ejected her from the pick-up in the country at night. Suit was brought for damages against the bus company and the Court in its opinion stated:

"The evidence shows conclusively that Mr. Cunningham, the driver of appellant's passenger bus on the occasion in question, was the only agent or employee of appellant accompanying the bus, and was in complete control and charge thereof. It is not claimed that Mrs. Box was guilty of contributory negligence, and the jury found that she did not request the driver to arrange passage for her on the Ford pick-up, and that he was not acting for her when he made such arrangements. She was instructed by the bus driver to wait at Benjamin in the station of appellant until the bus arrived. Her luggage was left on the bus, and when the latter reached Benjamin, she was at the station, entered the bus, and was carried on to Wichita Falls. Under this record, the contention that Mrs. Box abandoned the bus and ceased to be a passenger of appellant are not tenable.

\*      \*      \*      \*      \*      \*

"\* \* \* The driver of the Ford pick-up could have been a subagent only if the driver of appellant's passenger bus had express or implied authority to engage him to carry Mrs. Box on to Benjamin. In 2 C.J. p. 855, par. 539, the law is stated as follows: 'The liability of the principal for the torts of a subagent depends upon the question whether the primary agent was authorized expressly or impliedly to appoint the subagent. If the primary agent was authorized to appoint a subagent so as to create a privity be-

tween the principal and the subagent, the principal is liable for the torts of the latter in like manner as for the torts of an agent appointed directly by the principal, but he is not as a rule liable for the torts of a subagent appointed without authority.'

"In 3 C.J.S., Agency [§ 330], page 328, in discussing the nature and extent of an agent's authority, it is said: 'Usually and ordinarily the nature and extent of the authority of an agent and whether the act or contract in controversy was within the scope of his authority are, under the evidence, questions of fact to be determined by the jury or other trier of facts, and the court may and should decline to take such questions from the jury * * * by granting a nonsuit, directing a verdict, or otherwise. The foregoing rule as stated above is applicable to questions of actual, real, express, implied, secret, or apparent or ostensible authority.' "

It is our opinion there was sufficient evidence in the case now before us for the jury to conclude that the bus driver was acting within the apparent scope of his employment in securing the services of Fell and transferring respondent to his car in order to complete the journey for which she had paid. As the evidence heretofore set out shows, the driver arranged with Fell to take his passengers down town. Fell received no remuneration.

In the recent case of Thornton v. Budge, 74 Idaho 103, 106, 108, 257 P.2d 238, 240, the Court stated:

" 'It is not essential that any actual contract should exist or that compensation should be expected by the agent; and while the relation, in its full sense, arises out of a contractual or gratuitous agreement between the parties, yet the agency and the assent of the parties thereto may be either express or implied.'

*    *    *    *    *    *

"If the existence or non-existence of agency was a disputed question of fact it was for the jury. (Cases.) Appellant was in no way prejudiced by the submission of the question of agency to the jury."

The evidence is conflicting as to whether or not respondent asked the bus driver to hail a ride for her, she contending she did not and that the driver was acting as agent for the Bus Company and he contending that he was only acting for her. The verdict of the jury, in effect, determined this fact in favor of respondent.

Appellant insists the court erred in sustaining an objection to a question asked Hansen, the general manager of the Bus Company, the appellant, and the driver, as to what the bus driver was instructed and had authority to do in case of a flat tire or other mechanical difficulty. Appellant made offers of proof to the effect the evidence would show the bus driver had no

authority beyond calling and having another bus sent out, and that he had no authority to transfer passengers.

■ We believe the court rightly sustained the objections and denied the offers, for the reason this was a matter between the driver and the Bus Company and was not information shown to be known or available to respondent. Madill v. Spokane Cattle Loan Co., 39 Idaho 754, 230 P. 45; 2 C.J.S., Agency, §§ 94, 95, pp. 1200–1205. Under the circumstances of this case, it would not be admissible on the question of the apparent authority of the driver to do what he did in making the transfer. Appellant was permitted to show that such transfer to a substitute conveyance had not been done previously, to appellant's knowledge.

■ As far as appellant is concerned, Fell became his agent and it then became Fell's duty as such agent, to exercise the highest degree of care, skill and diligence in receiving respondent and conveying her to her destination and setting her down as safely as the means of conveyance and circumstances permitted. Clark v. Tarr, 75 Idaho 251, 254, 270 P.2d 1016.

"In other words, passenger carriers bind themselves to carry safely those whom they admit into their vehicles as far as human care and foresight will go, and they are responsible for any, even the slightest, negligence. They are supposed to use the utmost care and diligence of a very cautious person." 9 Cal.Jur.2d 719, Carriers, § 42.

■ The test as to when passenger for hire status ends within rule that carrier thereafter owes no duty of care to passenger, depends upon the circumstances of each individual case. Barringer v. Employer's Mut. Liability Ins. Co., La.App., 62 So.2d 173.

Appellant contends further that a nonsuit should have been granted and the case should now be reversed, because there was no negligence shown on the part of Fell.

■ In the statement of facts above set out, we have pointed out the conflicts in the evidence when considering together the testimony, exhibits, and physical facts found at the scene of the accident. We are of the opinion the evidence is such that the minds of reasonable men might differ or different conclusions might reasonably be reached by different minds as to whether or not Fell was negligent; therefore, it was a jury question. Benson v. Brady, 73 Idaho 553, 255 P.2d 710; McKee v. Chase, 73 Idaho 491, 253 P.2d 787.

■ Appellant assigns as error the court's Instruction No. 12, which is based on the degree of care required by buses and substitute conveyances and reads as follows:

"A city bus company is a common carrier, and as such is required to exer-

cise the highest degree of care, skill, and diligence in receiving and conveying passengers to their destination and setting them down as safely as the means of conveyance and circumstances permit, with appropriate caution and circumspection and without negligence, and such obligation extends to all busses and any substituted conveyance used in the conduct of its business."

We are of the opinion this Instruction correctly states the law. See Clark v. Tarr, 75 Idaho 251, 270 P.2d 1016, supra.

 Appellant assigns further error in that the court instructed the jury it could find against appellant and for defendant Fell, in that respondent could be a guest as to Fell and a paying passenger as to appellant, and thus they owed different duties to respondent. These relationships are not inconsistent under the facts of this case and the instructions given, based on the guest statute and the law as to the highest degree of care required of common carriers in conveying passengers, were correct.

In addition to assigning error in the instructions given, appellant assigns as error the refusal of the court to give certain of his requested instructions. We are of the opinion the instructions given were sufficient to cover all the matters involved in this case and no error was committed by such refusal.

We have carefully examined the other assignments of error made by appellant. Most of them overlap with those heretofore discussed. We find no reversible error.

Judgment *affirmed*. Costs to respondent.

TAYLOR, C. J., and KEETON, PORTER and SMITH, JJ., concur.